853 So.2d 752 (2003)
Roy A. VANDERHOFF, Sr.
v.
Doctor David A. BEARY.
No. 2003-CA-0912.
Court of Appeal of Louisiana, Fourth Circuit.
August 20, 2003.
Rehearing Denied September 15, 2003.
*753 Roy A. Vanderhoff, Sr., Cottonport, LA, In Proper Person, Plaintiff/Appellant.
C. William Bradley, Jr., Richard S. Crisler, Lemle & Kelleher, L.L.P., New Orleans, LA, for Defendant/Appellee, David A. Beary, M.D.
(Court composed of Judge MICHAEL E. KIRBY, Judge, MAX N. TOBIAS, JR., and Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The plaintiff in this case, Roy A. Vanderhoff, Sr., is appealing this matter on the grounds that the trial court erred in sustaining the exception of prematurity filed by the defendant, Dr. David Beary, and in dismissing the plaintiff's medical malpractice claim against Dr. Beary. For the reasons set forth in this opinion, this Court affirms the trial court's decision.

FACTS AND PROCEDURAL HISTORY
Mr. Vanderhoff filed a medical malpractice action against Dr. Beary alleging that Dr. Beary's unsuccessful attempt to extract one of Mr. Vanderhoff's teeth caused severe pain and other damages. The alleged incident occurred while Mr. Vanderhoff was an inmate at the St. Bernard Parish Prison. At the time, Dr. Beary was a private physician who contracted to provide medical services to the inmates at the prison.
Dr. Beary filed a dilatory exception of prematurity in the malpractice action based on Mr. Vanderhoff's failure to convene a medical review panel prior to filing suit as required by the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 et seq. (the "MMA"). Dr. Beary claimed that he was entitled to a medical review panel, because, at the time of the alleged malpractice, he was a qualified health care provider covered by the MMA, as evidenced by a certificate of enrollment issued by the State of Louisiana Patients' Compensation Fund.
Mr. Vanderhoff opposed Dr. Beary's exception of prematurity on the grounds that, because he was a prison inmate at the time of the alleged malpractice, the MMA was not applicable to him. He also opposed Dr. Beary's exception of prematurity on the grounds that Dr. Beary was not covered by the MMA's provisions, because Dr. Beary's license to practice medicine was suspended at the time of the *754 alleged malpractice.[1] Alternatively, Mr. Vanderhoff argued that Dr. Beary's dental care was malpractice per se, because Dr. Beary was a medical doctor, not a dentist.
The trial court sustained Dr. Beary's exception of prematurity and dismissed Mr. Vanderhoff's suit. Mr. Vanderhoff is now appealing the dismissal of his suit.

STANDARD OF REVIEW
We must determine whether Mr. Vanderhoff is required to convene a medical review panel prior to filing a medical malpractice suit against Dr. Beary. This is question of law. Therefore, we must conduct a de novo review of this case to determine whether the trial court's ruling on this issue was legally correct. See, e.g., Cleco Evangeline, LLC v. Louisiana Tax Commission, 2001-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353, where the Louisiana Supreme Court stated with respect to an issue of law being reviewed on appeal that "[w]e review the matter de novo, and render judgment on the record, without deference to the legal conclusions of the tribunals below."

DISCUSSION
Applicable Malpractice Statute
There are two statutory schemes that deal with medical malpractice actions in Louisiana. One is the MMA, and the other is the Medical Liability for State Services Act (the "MLSSA"), La. R.S. 40:1299.39. The MLSSA applies to medical malpractice by a "state health care provider". La. R.S. 40:1299.39(A). The MMA applies to medical malpractice by health care providers to which the MLSSA is not applicable. La. R.S. 40:1299.41(A).
The MLSSA at La. R.S. 40:1299.39(A)(1)(a) defines a "state health care provider", in pertinent part, to mean the following: (ii) The state or any of its departments, offices, agencies, boards, commissions, institutions, universities, facilities, hospitals, clinics, laboratories, health care units ... and other state entities which may provide any kind of health care whatsoever, and the... employees thereof when acting within the course and scope of their duties in providing health care in connection with such state entity; or
(ii) A person acting in a professional capacity in providing health care services, by or on behalf of the state...
(aa) Acting within the course and scope of his employment pursuant to a contract with the state, which contract specially names that health care provider and designates him to render such health care services, pursuant to a staff appointment to a state hospital or other state health care facility, or pursuant to an assignment to render such health care services for or on behalf of the state ...
The MLSSA specifically excludes from the definition of "state health care provider" any political subdivision of the state and any health care facility of a political subdivision. La. R.S. 40:1299.39(1)(b). Also excluded from the definition are individuals acting in a professional capacity *755 but not providing health care services on behalf of the state. Id.
We find that Mr. Vanderhoff's claim is governed by the provisions of the MMA and not by the provisions of the MLSSA. Dr. Beary was a private physician who contracted to provide medical services to the St. Bernard Parish Prison, which is operated by the Parish of St. Bernard. Because a parish is a political subdivision of the state and political subdivisions are excluded from the scope of the MLSSA, Dr. Beary was not a health care provider acting by or on behalf of the state. Therefore, he did not fall within the scope of the definition of "state health care provider" under La. R.S. 40:1299.39(1)(b), which expressly excludes "any individual acting in a professional capacity in providing health care services not by or on behalf of the state."
Medical Review Panel
Mr. Vanderhoff has argued that because he is a prisoner, he was not required to convene a medical review panel to evaluate his medical malpractice claim prior to filing suit against Dr. Beary. La. R.S. 40:1299.39(E)(1), which is part of the MLSSA, provides in pertinent part that "[t]he medical malpractice claims of prisoners... shall be submitted to correctional administrative review procedures established for administrative hearings in the correctional environment or established in accordance with express law ... and the administrative rules and regulations pertaining thereto." We have determined, however, that Mr. Vanderhoff's claim against Dr. Beary is covered by the MMA, which does not contain a provision similar to the one quoted above from the MLSSA.
The MMA provides that "[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section." La. R.S. 40:1299.47(B)(1)(a)(i). Because Mr. Vanderhoff did not convene a medical review panel prior to filing the instant suit, Dr. Beary filed a dilatory exception of prematurity under La.C.C.P. art. 926, which is the proper procedural mechanism for a qualified health care provider to invoke when a medical review panel should have been convened but was not. Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977, p. 4 (La.2/29/00), 758 So.2d 116, 119. Because Mr. Vanderhoff was required to convene a medical review panel prior to filing suit against Dr. Beary but did not do so, we conclude that the trial court properly granted the dilatory exception filed by Dr. Beary and properly dismissed the suit against him.
Other Issues
Mr. Vanderhoff's suit was premature and was properly dismissed. Therefore, we do not reach the other issues raised in this case.

CONCLUSION
Based on the foregoing discussion, we hold that the trial court properly dismissed Mr. Vanderhoff's malpractice action against Dr. Beary. The decision of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Mr. Vanderhoff has alleged that Dr. Beary's medical license was suspended from 1997 through 2002. The MMA defines a "physician" as "a person with an unlimited license to practice medicine in this state." La. R.S. 40:1299.41 (A)(2). There is nothing in the record, however, to substantiate Mr. Vanderhoff's allegation, and we must base our opinion on what is in the record, which includes the certificate of enrollment issued to Dr. Beary by the Louisiana Patients' Compensation Fund.