942 So.2d 1152 (2006)
OAKVILLE COMMUNITY ACTION GROUP
v.
PLAQUEMINES PARISH COUNCIL, Benny Rousselle, In His Official Capacity as Executive Board Member and Parish President, and Joseph Clark, Amos Cormier, Rick Fremin, John Friedman, and Jerry Hodnet, et al.
No. 2005-CA-1501.
Court of Appeal of Louisiana, Fourth Circuit.
September 27, 2006.
Corinne Van Dalen, Tulane Environmental Law Clinic, New Orleans, LA, for *1154 Plaintiff/Appellant, Oakville Community Action Group.
Kevin D. Conner, Edward Markle, Belle Chase, LA, for Defendant/Appellee, Plaquemines Parish Council.
Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III, Judge LEON A. CANNIZZARO, JR.
LEON A. CANNIZZARO, JR., Judge.
This case involves an appeal from a trial court judgment granting the exceptions of no cause of action and no right of action raised by the defendants, who are (1) the Plaquemines Parish Council, (2) Benny Rousselle, in his official capacity as executive board member and parish president, and (3) Joseph Clark, Amos Cormier, Rick Fremin, John Friedman, and Jerry Hodnet, in their official capacities as members of the Plaquemines Parish Council (all defendants being referred to collectively as the "Council"). The plaintiff, Oakville Community Action Group (`Oakville'), is appealing the trial court judgment.

FACTS AND PROCEDURAL HISTORY
The Council conditionally approved an application by Industrial Pipe, Inc. ("Industrial Pipe") for a coastal use permit to expand a landfill it owned in Plaquemines Parish, Louisiana. Oakville, a nonprofit organization whose mission was to protect the Oakville community in Plaquemines Parish with respect to environmental, health, and safety issues, filed suit against the Council requesting that the trial court review all records compiled by the Council in connection with its consideration of the coastal use permit for the expansion of the Industrial Pipe landfill.
In its suit, Oakville alleged that the Council's decision to conditionally approve an application for a coastal use permit for the expansion of Industrial Pipe's landfill into coastal wetlands adjacent to the Oakville community would directly and irreparably harm the wetlands. Oakville also contended in its petition that, because a solid waste landfill is not a wetlands dependent land use, the Council had improperly granted the application for a coastal use permit for the proposed landfill expansion. Additionally, Oakville claimed that the Council had improperly issued a coastal use permit without complying with the applicable provisions of the Louisiana Administrative Code. Finally, Oakville asserted that the Council failed to comply with both statutory and constitutional mandates applicable to the approval of the application for a coastal use permit for the proposed landfill expansion.
In response to the petition filed by Oakville, the Council filed peremptory exceptions of no cause of action and no right of action. The Council contended that because Oakville had not first brought its claims before the Secretary of the Louisiana Department of Natural Resources (the "DNR") for review or sought the Council's reconsideration of the Industrial Pipe permit, Oakville did not have a right of action or cause of action. After a hearing on the exceptions filed by the Council, the trial court judge granted the exceptions and transferred the matter "to the Louisiana Department of Environmental Quality for a reconsideration and review. . . . "[1]

*1155 DISCUSSION
Standard of Review
Whether a plaintiff has a cause of action and whether a plaintiff has a right of action are questions of law. Therefore, this Court is required to conduct a de novo review in determining whether the trial court was legally correct in granting the exceptions raised by the Council. See, e.g., Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 05-719 (La.3/17/06), 929 So.2d 1211, 1217; Cmty. Land Ass'n of Louisiana, Inc. v. Zeno, 05-1489, p. 1 (La. App. 4 Cir. 6/21/06), 936 So.2d 836.
Exception of No Cause of Action and Exception of No Right of Action
The exceptions of no cause of action and no right of action are both peremptory exceptions[2], the function of which is "to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. In the Badeaux case, the Louisiana Supreme Court discussed these two exceptions. The Supreme Court stated that "one of the primary differences between the exception of no right of action and no cause of action lies in the fact that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant." 929 So.2d at 1216-17.
The Supreme Court further explained that the function of an exception of no right of action is to determine whether a plaintiff is included in the class of persons to whom the law has granted the cause of action that is asserted in the plaintiff's petition. Id. at 1217. The Supreme Court also discussed the function of an exception of no cause of action and stated that an exception of no cause of action "questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition." Id.
In considering the merits of an exception of no cause of action, the trial court is required to decide whether to grant or deny the exception on the basis of the face of the petition. Id. To resolve the issues raised by an exception of no cause of action, "each well-pleaded fact in the petition must be accepted as true." Id. In the case of an exception of no right of action, however, evidence is admissible at a hearing on the exception to either support or rebut the exception. Eubanks v. Hoffman, 96-0629 (La.App. 4 Cir. 12/11/96), 685 So.2d 597, 600.
Assignments of Error
Authority of the Department of Environmental Quality
In its first assignment of error, Oakville asserts that the trial court judge erred in transferring this case to the Louisiana Department of Environmental Quality (the "DEQ"). Oakville argues that the agency that oversees coastal use permits is the DNR, not the DEQ.
The State and Local Coastal Resources Management Act of 1978, La. R.S. 49:214.21 et. seq. (the "Act"), provides for the management of the state's coastal waters and adjacent shorelands. Both the Council and Oakville agreed at the oral *1156 argument of this case that it is the DNR, not the DEQ, that has the authority under the Act to review the approval of an application for a coastal use permit. It is clear that this position is correct, because throughout the Act, all agency references are to the DNR, not the DEQ. Further, the Act defines the term "secretary" to mean "the secretary of the Department of Natural Resources or his designee." La. R.S. 49:214.23(10). Additionally, La. R.S. 49:214.26(A)(1) states that "[a] coastal management program is hereby established within the Department of Natural Resources." Finally, that statute provides that "[t]he secretary or his designee shall administer the coastal management program."
This assignment of error clearly has merit. The references in the judgment of the trial court to the DEQ should have been to the DNR.
Granting the Exceptions of No Cause and No Right of Action to Decline Jurisdiction
In its second assignment of error Oakville argues that the trial court improperly declined to exercise its jurisdiction. As a result, the trial court granted the Council's exceptions of no cause of action and no right of action.
Oakville contends that the trial court erred in finding that Oakville was required to seek agency review of the approval of Industrial Pipe's application for a coastal use permit prior to seeking judicial review. La. R.S. 49:214.35 establishes two methods by which a decision regarding a coastal permit may be reviewed. La. R.S. 49:214.35(B) provides in relevant part that "[a] decision or determination shall be subject to reconsideration by the secretary [the secretary of the DNR] if a petition for reconsideration is filed in writing with the secretary within ten days following public notice of a final coastal use permit or local program approval decision. . . ." Additionally, La. R.S. 49:214:35(D) provides that "[a]ny person authorized . . . to appeal a coastal use permit decision . . . may seek judicial review of that decision whether or not a petition for reconsideration has been filed. . . ."
Thus, La. R.S. 49:214.35(B) provides for agency reconsideration of the approval of a permit application, whereas La. R.S. 49:214.35(D) provides for judicial review. Although the trial judge concedes in his reasons for judgment that La. R.S. 49:214.35(B) and (D) confer apparent concurrent jurisdiction on both the DNR[3] and the court, he cites the "Louisiana . . . strong public policy of allowing state government agencies to judge matters which fall within their field of expertise when it is appropriate." Thus, he held that Oakville's claims should first be considered by the DNR[4], because the DNR has special expertise in the management of coastal zones.
In the instant case, Oakville asserted in its petition that the Council, acting as the permitting authority for the local coastal management program in Plaquemines Parish, failed to comply with the Plaquemines Parish Coastal Zone Management Program by conditionally approving an application for a coastal use permit for a use that is not an appropriate use. Oakville further claimed in its petition that the Council failed to comply with the requirements set forth in La. Admin. C. 43:I.723, which establishes the rules and procedures *1157 to be used in connection with, among other things, the issuance of coastal use permits.
La. Admin. C. 43:I723(8)[5] requires the Council to consider all information in connection with a coastal use permit application to insure that there is an appropriate balancing of social, environmental, and economic factors. Additionally, pursuant to La. Admin. C. 43:I.723(C)(8), the Council is required to prepare a statement explaining the basis of its decision on all permit applications. Oakville also contended in its petition that the Council violated its duty to act as a public trustee of the environment by failing to consider and address the potential adverse effects the expansion of Industrial Pipe's landfill would have on the environment.
Therefore, we find that Oakville has on the face of its petition stated a cause of action based on its allegations that the Council has failed to comply with applicable laws and regulations in granting Industrial Pipe's application for a coastal use permit. Thus, the Council's exception of no cause of action was improperly granted by the trial court.
With respect to the exception of no right of action, we find that Oakville was within the group of plaintiffs with the right to assert the cause of action stated by Oakville. In La. R.S. 49:214.30(D), the Act expressly provides that "any aggrieved person or any other person adversely affected by a coastal use permit decision" may appeal the decision. Oakville's members lived within the Oakville community in Plaquemines Parish and claimed to be adversely affected by the Council's permit decision. Therefore, we find that the exception of no right of action was improperly granted by the trial court.
The trial court judge stated in his reasons for judgment that Oakville improperly relied on La. R.S. 49:214.35(D) to seek judicial review, rather than administrative reconsideration, of the Council's decision to conditionally grant Industrial Pipe's application for a coastal use permit. The trial court judge stated in his reasons for judgment that "agencies promote uniformity and consistency in the regulation of business entrusted to them; offer expertise in cases raising issues not within the conventional experience of judges. . . ." The trial court judge further said in his reasons for judgment that "[t]he Court believes that whenever possible it should tap into their vast experience, knowledge base, and uniformity of rule making and regulatory power." Finally, based on the foregoing statements, the trial court concluded that "[a]s a result of the above logic, this court believes that it has the inherent option to invoke this doctrine whenever the circumstances are appropriate, as in this case."
In the instant case, however, Oakville has based its cause of action on the failure of the Council to comply with the regulatory requirements set forth in La. Admin. C. 43I.723(8) and other applicable laws and regulations in connection with the Council's granting of Industrial Pipe's application for a coastal use permit. Thus, the *1158 issues upon which Oakville's cause of action in the instant case are based are legal issues, and legal issues are squarely within the conventional experience of the courts, not government agencies such as the DNR. For this reason, we conclude that the trial court erred in transferring this case to an agency for consideration. The trial court should consider the instant case to determine whether the Council complied with all applicable laws and regulations, including La. Admin. C. 43:I.723(C)(8), in approving Industrial Pipe's application for a coastal use permit.

CONCLUSION
The judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
NOTES
[1] The trial court judge erroneously referred to the Louisiana Department of Environmental Quality as the agency to which a request for reconsideration should have been directed. At the oral argument of this case, both the Council and Oakville agreed that the DNR was the appropriate agency and that the reference to the Department of Environmental Quality was in error.
[2] La. C.C.P. art 927 provides in relevant part:

A. The objections which may be raised through the peremptory exception include but are not limited to the following:
. . . .
(4) No cause of action.
(5) No right of action, or no interest in the plaintiff to institute the suit.
[3] As discussed above, the trial court judge actually referred to the DEQ, but the reference should have been to the DNR.
[4] As discussed above, the trial court judge actually referred to the DEQ, but the reference should have been to the DNR.
[5] La. Admin. C. 43:I.723(8) provides in relevant part as follows:

Permit decisions will be made only after a full and fair consideration of all information before the permitting body, and shall represent an appropriate balancing of social, environmental, and economic factors. The permitting body shall prepare a short and clear statement explaining the basis for its decision on all applications. This statement shall include the permitting body's conclusions on the conformity of the proposed use with the guidelines, the state program and approved local programs. The statement shall be dated, signed, and included in the record prior to final action on the application.