MAX N. TOBIAS, JR., Judge.
 

 | gOakville Community Action Group (“Oakville”), the plaintiff appellant, appeals a judgment by the trial court declining to revoke the coastal use permit
 
 [1]
 
 issued by the defendants, the Plaquemines Parish Council, Benny Rousselle, in his official capacity as executive board member and parish president, and Joseph Clark, Amos Cormier, Rick Fremin, John Friedman, and Jerry Hodnet, in their official capacities as members of the Plaquemines Parish Council (referred to collectively as the “Council”), to the intervenor, Industrial Pipe, Inc. (“Industrial”). |r,After reviewing the record and applicable law, we reverse the judgment of the trial court and remand the matter for further proceedings.
 

 This case has been before us before. See
 
 Oakville Community Action Group v. Plaquemines Parish Council,
 
 05-1501 (La.App. 4 Cir. 9/27/06), 942 So.2d 1152 (hereinafter
 
 “Oakville I
 
 ”). We summarized the facts and procedural history in that opinion as follows:
 

 The Council conditionally approved an application by Industrial Pipe, Inc. (“Industrial Pipe”) for a coastal use permit to expand a landfill it owned in Plaque-mines Parish, Louisiana. Oakville, a nonprofit organization whose mission was to protect the Oakville community in Plaquemines Parish with respect to environmental, health, and safety issues, filed suit against the Council requesting that the trial court review all records compiled by the Council in connection with its consideration of the coastal use permit for the expansion of the Industrial, Pipe landfill.
 

 In its suit, Oakville alleged that the Council’s decision to conditionally approve an application for a coastal use permit for the expansion of Industrial
 
 *27
 
 Pipe’s landfill into coastal wetlands adjacent to the Oakville community would directly and irreparably harm the wetlands. Oakville also contended in its petition that, because a solid waste landfill is not a wetlands dependent land use, the Council had improperly granted the application for a coastal use permit for the proposed landfill expansion. Additionally, Oakville claimed that the Council had improperly issued a coastal use permit without complying with the applicable provisions of the Louisiana Administrative Code. Finally, Oakville asserted that the Council failed to comply with both statutory and constitutional mandates applicable to the approval of the application for a coastal use permit for the proposed landfill expansion.
 

 In response to the petition filed by Oakville, the Council filed peremptory exceptions of no cause of action and no right of action. The Council contended that because Oakville had not first brought its claims before the Secretary of the Louisiana Department of Natural Resources (the “DNR”) for review or sought the Council’s reconsideration of the Industrial Pipe permit, |4Oakville did not have a right of action or cause of action. After a hearing on the exceptions filed by the Council, the trial court judge granted the exceptions and trans-' ferred the matter “to the Louisiana Department of Environmental Quality for a reconsideration and review.
 
 [2]
 

 Id.
 
 at pp. 2-3, 942 So.2d at 1154.
 

 In
 
 Oakville I,
 
 we found that the trial court erred in declining to exercise its jurisdiction. We also found that Oakville had stated a cause of action based on its allegations in the petition that the Council had failed to comply with applicable laws and regulations in granting Industrial’s application for a coastal use permit. In particular, Oakville contended that the Council failed to adhere to La. Admin. C. 43:1.723(8), which provides in relevant part as follows:
 

 Permit decisions will be made only after a full and fair consideration of all information before the permitting body, and shall represent an appropriate balancing of social, environmental, and economic factors. The permitting body shall prepare a short and clear statement explaining the basis for its decision on all applications. This statement shall include the permitting body’s conclusions on the conformity of the proposed use with the guidelines, the state program and approved local programs. The statement shall be dated, signed, and included in the record prior to final action on the application.
 
 [3]
 

 ^Additionally, we noted that pursuant to La. Admin. C. 43:I.723(C)(8), the Council was required to prepare a statement explaining the basis of its decision on all permit applications.
 
 Id.
 
 at p. 7, 942 So.2d at 1157. [Emphasis added.]
 

 In conclusion we held:
 

 In the instant case, however, Oakville has based its cause of action on the failure of the Council to comply with the regulatory requirements set forth in La. Admin. C. 43:1.723(8) and other applicable laws and regulations in connection
 
 *28
 
 with the Council’s granting of Industrial Pipe’s application for a coastal use permit. Thus, the issues upon which Oak-ville’s cause of action in the instant case are based are legal issues, and legal issues are squarely within the conventional experience of the courts, not government agencies such as the DNR. For this reason, we conclude that the trial court erred in transferring this case to an agency for consideration. The trial court should consider the instant case to determine whether the Council complied with all applicable laws and regulations, including La. Admin. C. 43:I.723(C)(8), in approving Industrial Pipe’s application for a coastal use permit.
 

 Id.
 
 at p. 9, 942 So.2d at 1157-58. [Emphasis added.]
 

 Following remand, Oakville filed a rule to show cause why the judgment it sought should not be granted. In connection therewith, the trial court permitted Industrial and the Council to file additional memoranda for the limited purpose of discussing the written decision document requirement in La. Admin. C. 43:1.723(0(8). Following oral argument the trial court found that no decision document was required as the coastal permit was issued in accordance with the procedures of a Department of Natural Resources (“DNR”)— approved local permit program. As such, the court did not revoke the coastal use permit issued to Industrial.
 

 Oakville has assigned two errors for review. First, it contends that the trial court erred in finding that the Council was not required to prepare a decision | fidocument pursuant to La. Admin. C. 43.-1.723(C)(8). Oakville also argues that the trial court failed to follow our instruction on remand to determine if the Council had complied with the administrative regulation. In addition, Oakville asserts that the trial court erred in failing to determine whether the council fulfilled its public trustee duty under La. Const. Art. IX, § 1, as enunciated in
 
 Save Ourselves, Inc. v. La. Envtl. Control Comm’n,
 
 452 So.2d 1152 (La.1984).
 

 Because the issues presented in this appeal are legal ones, the standard of review is de novo.
 
 Vanderhoff v. Beary,
 
 03-0912, p. 2 (La.App. 4 Cir. 8/20/03), 853 So.2d 752, 754, writ denied, 03-2895 (La.1/9/04), 862 So.2d 987
 
 (citing Cleco Evangeline, LLC v. Louisiana Tax Comm’n,
 
 01-2162, p. 3 (La.4/03/02), 818 So.2d 351, 353).
 

 The first issue for our review is whether the Council was required to follow the requirements set forth in La. Admin. C. 43:1.723, and in particular § 723(C)(8) and, if so, whether the Council did, in fact, follow that administrative rule. The Council argues that because it has a local coastal zone management program sanctioned by the DNR, it is not required to follow the requirements set forth in the cited administrative rule and prepare a decision document. We disagree.
 

 We need look no further than the administrative role itself, which we find applies to applications filed with both the state and/or local governments with an approved local coastal management program:
 

 a. Any applicant for a coastal use permit shall file a complete application with the state, or at his option, in areas subject to an approved local coastal management program, with the local government. The department will provide the application forms and instructions, including example plats and interpretive assistance, to any interested party. The staffs of the coastal ^management section and approved local programs shall be available for consultation pri- or to submission of an application and
 
 *29
 
 such consultation is strongly recommended. Application forms may be periodically revised to obtain all information necessary for review of the proposed project.
 

 La. Admin. C. 43:I.723(C)(l)(a). [Emphasis added.] The rule continues:
 

 c. Applicants for coastal use permits for uses of state concern shall include with their application filed with the state a certification that a copy of the application was foiwarded by certified mail or hand delivered to the affected local parish(es) with an approved coastal management program.
 

 d. Applicants for coastal use permits for uses of state concern, who elect to submit their application to the affected local parish(es) with an approved local coastal management program, shall include with their application a certification that a copy of the application was foiwarded by certified mail or hand delivered to the state.
 

 2. Content of Application. The application submitted shall contain the same information required for a permit from the U.S. Army Corps of Engineers and such additional information as the secretary determines to be reasonably necessary for proper evaluation of an application.
 

 Nowhere does the rule distinguish between an application filed with the state and an application filed with a local parish with an approved local coastal management program. After the rule permits local government and parishes with approved programs to assess its own. fees for processing and evaluating coastal use permit applications, the rule refers to “the permitting body.” We interpret to mean both the state and a local parish with an approved local coastal management program, because when the rule means the state alone, that is written. With that in mind, we come to § 723(C)(8)(a), which, states:
 

 ls8. Decisions on Permits
 

 a. The permitting body will determine whether or not the permit should be issued. Permits shall be issued only for those uses which are consistent with the guidelines, the state program, and affected approved local programs. The secretary shall not consider the use to be consistent with the state program unless the permit includes condition(s) which, pursuant to § 724, ensure the mitigation of wetland ecological values which would be lost due to the use. Permit decisions will be made only after a full and fair consideration of all information before the permitting body, and shall represent an appropriate balancing of social, environmental, and economic factors. The permitting body shall prepare a short and clear statement explaining the basis for its decision on all applications. This statement shall include the permitting body’s conclusions on the conformity of the proposed use with the guidelines, the state program and approved local programs. The statement shall be dated, signed, and included in the record prior to final action on the application. [Emphasis added.]
 

 No ambiguity exists in the law. As we noted in
 
 Oakville
 
 /, the Council is required to prepare a statement explaining the basis for its decision on all applications. We find nothing that relieves the Council of this responsibility. Because the parties agree that a decision document was not prepared, it is undisputed that the Council did not follow the law, and, thus, did not have the authority to issue the coastal use permit to Industrial. Consequently, we reverse the trial court, thereby
 
 *30
 
 revoking the coastal use permit that the Council issued to Industrial.
 
 [4]
 

 | nBased on the foregoing, we reverse the trial court and remand the matter for further proceedings consistent with this opinion.
 

 REVERSED; REMANDED.
 

 [1]
 

 . Pursuant to the definitions contained in La. R.S. 49:214.23(7), a "coastal use permit shall mean the permits required by R.S. 49:214.30 of this Subpart and shall not mean or refer to, and shall be in addition to, any other permit or approval required or established pursuant to any other constitutional provision or statute."
 

 La. R.S. 49:214.30(A) states:
 

 A. No person shall commence a use of slate or local concern without first applying for and receiving a coastal use per-mil. Decisions on coastal use permit applications shall be made by the secretary, except that the local, government shall make coastal use permit decisions as to uses of local concern in areas where an approved local program is in effect. Conditions set forth in a coastal use permit shall supersede any and all variances or exceptions granted by the commissioner of conservation in accordance with R.S. 30:4(E)(1) for activities within the coastal zone as defined by R.S. 49:214.24.
 

 [2]
 

 . In
 
 Oakville I,
 
 we noted that the trial court erroneously referred to the Louisiana Department of Environmental Quality ("DEQ”) as the agency to which a request for reconsideration should have been directed. Both the Council and Oakville agreed that the Department of Natural Resources was the appropriate agency and that the reference to the DEQ was in error.
 
 Id.
 
 at p. 3, 942 So.2d at 1154.
 

 [3]
 

 . La. Admin. C. 43:1.723 establishes the rules and procedures to be used in connection with, among other things, the issuance of coastal use permits.
 

 [4]
 

 . Because we find that the Council did not follow the law when issuing the permit to Industrial, we pretermit discussion of Oak-ville's second assignment of error.