JAMES F. McKAY III, Chief Judge.
Bln this insurance coverage case, which arises out of a slip-and-fall accident at a restaurant, the defendant, LKM Chinese, LLC d/b/a China Palace, and the interve-nor, LKM Convenience, LLC, appeal the trial court’s maintaining the- peremptory exceptions of no right of action and no cause of action in favor of the third-party defendant, Montpelier U.S. Insurance Company. We affirm.
FACTS AND PROCEDURAL HISTORY
Debra Hershberger alleges that she was injured in a slip-and-fall accident at the China Palace restaurant located on South Carrollton Avenue in New Orleans. The China Palace restaurant was operated by LKM Chinese, L.L.C.- d/b/a China Palace (China Palace) in premises that it leased from LKM Convenience, L.L.C. (LKM Convenience). As a result of the accident, Ms. Hershberger filed suit against China Palace on July 24, 2011.
On July 24, 2013, China Palace filed a third-party demand against Montpelier U.S. Insurance Company (Montpelier), LKM Convenience’s insurer, demanding defense and indemnification for LKM Convenience. Simultaneously, 12LKM Convenience intervened in the lawsuit, naming Montpelier as a defendant, and demanding that Montpelier provide a defense and indemnification for its tenant, China Palace.[1]
Montpelier filed exceptions of no cause of action and no right of action in response to China Palace’s third-party demand and LKM Convenience’s suit in intervention. The trial court maintained Montpelier’s exceptions of no cause of action and no right of action, dismissing China Palace’s and LKM Convenience’s actions with prejudice on May 12, 2014. It is from this judgment that they now appeal.
DISCUSSION
China Palace and LKM Convenience raise the following assignments of error on appeal: 1) the trial court erred in sustain *143 ing the exception of no right of action; 2) the trial court erred in sustaining the exception of no cause of action; and 3) the trial court erred in not providing the appellants with a period of time in which to amend their petitions.

Exceptions of No Right of Action and No Cause of Action

Whether a plaintiff has a cause of action and whether a plaintiff has a right of action are questions of law. Therefore, this Court is required to conduct a de novo review in determining whether the trial court was legally correct in granting the exceptions raised by Montpelier. See Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 05-719, p. 9 (La.3/17/06), 929 So.2d 1211, 1217; Acorn Cmty. Land Ass’n of Louisiana, Inc. v. Zeno, 05-1489, p. 3 (La.App. 4 Cir. 6/21/06), 936 So.2d 836, 839.
The exceptions of no cause of action and no right of action are both peremptory exceptions, the function of which is “to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” La. C.C.P. art. 923. “[0]ne of the primary differences between the exceptions of no right of action and no cause of action lies in the fact that the focus in the exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant.” Badeaux, p. 6, 929 So.2d at 1216-17; Oakville Community Action Group v. Plaquemines Parish Council, 05-1501, p. 4 (La.App. 4 Cir. 9/27/06), 942 So.2d 1152, 1155.
The function of an exception of no right of action is to determine whether a plaintiff is included in the class of persons to whom the law has granted the cause of action that is asserted in the plaintiffs petition. Id. An exception of no cause of action “questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition.” Id.
In considering the merits of an exception of no cause of action, the trial court is required to decide whether to grant or deny the exception on the basis of the face of the petition. Id. “Each well-founded fact in the petition must be accepted as |4true.” Id. In the case of an exception of no right of action, evidence is admissible at a hearing on the exception to either support or rebut the exception. Eubanks v. Hoffman, 96-0629, pp. 5-6 (La.App. 4 Cir. 12/11/96), 685 So.2d 597, 600; See also Oakville Community Action Group, p. 4 942 So.2d at 1155.
Whether a litigant has standing to assert a claim is tested via an exception of no right of action. Small v. Baloise Ins. Co. of America, 96-2484 (La.App. 4 Cir. 3/18/98), 753 So.2d 234. The foundation of Louisiana’s standing requirement is found in Louisiana Code of Civil Procedure Article 681, which provides that “[e]xcept as otherwise provided by law, an action can only be brought by a person having a real and actual interest in what he asserts.”
In its third-party demand, China Palace attempts to assert a claim against Montpelier for defense and indemnification of LKM Convenience. However, China Palace does not allege any facts demonstrating that it has standing, i.e., the right or authority to act or sue on behalf of LKM Convenience. By law, if there was a right for defense/indemnification of LKM Convenience, it would be LKM Convenience’s right to pursue, not China Palace’s. See La. C.C.P. art. 681. Accordingly, Montpelier’s exception of no right of action *144 as to China Palace’s third-party demand was properly maintained.
In its petition for intervention, LKM Convenience attempts to assert a claim against Montpelier for defense and indemnification of China Palace. However, LKM Convenience does not allege any facts demonstrating that it has the right or authority to act for or sue on behalf of China Palace. Accordingly, Montpelier’s exception of no right of action as to LKM Covenience’s action against Montpelier was also properly maintained. Neither China Palace, nor LKM Convenience |Bbelong to the class of persons to whom the law has granted the cause of action that each attempts to bring forward.
LKM Convenience has not been sued and it is a party to this litigation only because it intervened. Its exclusive purpose for intervening was to assert a claim for defense/indemnification of China Palace against Montpelier. However, with no claim or suit pending against LKM Convenience, it has no cause of action against its insurer, Montpelier.
China Palace has not asserted a claim for defense or indemnification on its own behalf. Rather, in its third-party demand, China Palace asserts against Montpelier a claim for defense/indemnification of LKM Convenience. However, LKM Convenience has not been sued. With no claim or suit pending against LKM Convenience, there can be no cause of action for defense/indemnification of LKM Convenience. As such, China Palace’s third-party demand fails to state a cause of action.
Even if China Palace were allowed to amend its pleadings to assert a claim for defense/indemnity on its own behalf, it would still have no right or cause of action against Montpelier. China Palace is not an insured under Montpelier’s policy and therefore has no right to bring an action as an insured under the policy. Because, coverage does not extend to China Palace (a non-insured) under the policy, there is no cause of action for defense/indemnity.
The named insured under the subject policy is LKM Convenience, LLC. The policy includes several additional insureds, including “Lavignebaker Petroleum, LLC”, Brothers St. Rose, Brothers Airline, Carrollton Magnolia Discount, LKM Ventures, LLC d/b/a Bothers Edenborn and Bridge City Ave, LLC d/b/a Bothers St. Claude. China Palace is not listed as a named insured or an | ^additional insured under the policy. Further, pursuant to a “Limitation of Coverage to Designated Premises or Project” endorsement, the Montpelier policy limits LKM Convenience’s coverage to liability arising out of the ownership; maintenance or use of certain premises. As such there is neither a right of action nor a cause of action in favor of China Palace.

Additional Time to Amend Petitions

In their third and final assignment of error, China Palace and LKM Convenience contend that the trial court erred in not granting them additional time to amend their petitions and remove the grounds for the exceptions. Neither LKM Convenience nor China Palace requested that they be given the right to amend their pleadings to attempt to remove the grounds for the exceptions. Also, neither LKM Convenience nor China Palace objected at the trial court when the trial judge sustained the exceptions without granting time for amendment. As such, they have waived their right to raise this issue on appeal. See generally Bush v. Winn-Dixie of Louisiana, Inc., 573 So.2d 508 (La.App. 4 Cir.1990).
La. C.C.P. art. 934 requires that the trial court grant additional time to amend the petition only when the grounds *145 of the objection pleaded by the peremptory exception may be removed by amendment of the petition. The right to amend a petition following the sustaining of a peremptory exception is not absolute. Amendment is not permitted when it would constitute a “vain and useless act.” Smith v. State Farm Ins. Companies, 03-1580, p. 6 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 913.
In the instant case, there are no amendments that LKM Convenience and/or China Palace could make to their pleadings that would remove the grounds for the exceptions., Their proposed amendments would do no more than to assert the same 17facts argued at the trial court and/or in this appeal. Therefore, any amendment by the appellants to remove the grounds for the exceptions would be a vain and useless act.
CONCLUSION
For the above and foregoing reasons, the trial court’s judgment maintaining Montpelier’s peremptory exceptions of no right of action and no cause of action is affirmed.
AFFIRMED

. LKM Convenience did not operate the restaurant and was not a defendant in the original lawsuit. The insurance policy was not issued to China Palace, nor is China Palace a named or additional insured under the policy.