## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-1047


**JOHN A. BILLIOT, JR.**

**VERSUS**

**KENDALL WILTZ**


\**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2016-1796 J
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\**********

## JOHN D. SAUNDERS
## JUDGE

\**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.


**AFFIRMED.**

**Charlotte C. McDaniel McGehee**
**Attorney at Law**
**16851 Jefferson Highway, Suite 6-B**
**Baton Rouge, LA 70817**
**(225) 389-6711**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **John A. Billiot, Jr.**

**Kendall Wiltz**
**In Proper Person**
**215 South Sterling Street**
**Lafayette, LA 70501**
**(310) 435-0702**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kendall Wiltz**

**SAUNDERS, Judge.**

This case involves a writ of quo warranto filed for by an individual who was appointed to a board. The individual's appointment was not placed on the meeting agenda of the board and was not considered by the president of the board despite the CEO and president of the board having knowledge of the individual's appointment with ample time to place the item on the agenda.

The board president's term ended three months prior to the meeting as the individual seeking to be sat on the board had been appointed in the president's place by a newly elected official. The trial court granted the individual's writ and awarded the individual damages under La.R.S. 42:82 in the form of costs and attorney's fees.

**FACTS AND PROCEDURAL HISTORY:**

On March 18, 2016, John A. Billiot, Jr. (Billiot) was appointed by Mayor-President, Joel Robideaux, as the representative of the Mayor-President to the St. Martin-Iberia-Lafayette Community Action Agency (SMILE) Board. SMILE is a corporation organized under the law of the State of Louisiana, domiciled and doing business in the Parishes of St. Marin, Iberia, and Lafayette. Billiot's appointment to the SMILE Board was memorialized in a letter written that day.

Later that same day, Billiot met with Royal Hill, the CEO of SMILE. According to Billiot, Hill informed him that his appointment to the SMILE Board would not be accepted because that board membership was currently being held by Kendall Wiltz, the current President of the SMILE Board.

On Monday, March 28, 2016, there was a meeting of the SMILE Board wherein Billiot's appointment to the SMILE Board was not addressed. According to Wiltz, it was not addressed because it was not placed on the agenda by Hill, and Wiltz failed to obtain unanimous consent to amend the agenda to include Billiot's

appointment. Wiltz was still acting as President of the SMILE Board despite his term ending the preceding January.

On April 6, 2016, Billiot filed a petition for writ of quo warranto against Wiltz, individually, and acting as president of the SMILE Board. Billiot's petition contended that the SMILE Board met on March 28, 2016. According to Billiot, Wiltz retained physical possession of the office of SMILE Board President and refused to surrender it or the books and papers associated with the position into Billiot's custody despite Wiltz's term on the board ending in January 2016. Further, Billiot averred that Wiltz continued to usurp the prerogatives of the office illegally and without authority.

A trial was held on the merits of Billiot's writ for quo warranto. The trial court ruled in favor of Billiot and found that he was entitled to attorney's fees and costs from Wiltz as the damages he suffered under La.R.S. 42:82. Wiltz appeals and assigns four errors.

## ASSIGNMENTS OF ERROR:

1. The trial court erred in assessing attorney's fees and costs against appellant.

2. The trial court erred in assessing attorney's fees and costs against appellant personally as he was acting in his official duties as the SMILE Board President when this action commenced.

3. The trial court erred in assessing attorney's fees and costs against appellant as a result of John Billiot, Jr. not being seated on the SMILE Board on March 28, 2016, as the Louisiana Open Meetings Law was followed.

4. The trial court erred in assessing attorney's fees and costs against appellant because at the time of the hearing John Billiot, Jr. was seated on the SMILE board, making the entire proceedings moot.

## DISCUSSION OF THE MERITS:

All of the assigned errors above address the propriety of the trial court assessing attorney's fees and costs against Wiltz. As such, we will address them under one heading.

> A writ of *quo warranto* directs an individual to show cause by what authority he claims or holds office. La. C.C.P. art. 3901. A writ of quo warranto serves the narrow function of preventing the usurpation of office or of powers. [*State ex rel Palfrey v. Simms*, 152 So. 395 (La.App.1934)]. Unlike a mandamus, a writ of *quo warranto* is not an order directing the defendant to perform (or to cease performing) a certain act; rather, it is an order directing the defendant to show by what authority he or she is acting. La. C.C.P. art. 3901, Official Comment (e).
>
> In a *quo warranto* action, the defendant has the burden of showing by what authority he or she claims to hold office. *In re Interdiction of Vicknair*, 2001-0902, p. 4 (La.App. 1 Cir. 6/21/02), 822 So.2d 46, 50. If the court finds that burden is not met (*i.e.*, that the defendant is claiming or holding office without authority), it is required to render judgment forbidding him or her from doing so. La. C.C.P. art. 3902. The court may also render judgment declaring who is entitled to office and, when necessary, directing an election be held. *Id*.
>
> Because the issues presented in this *quo warranto* action are all legal ones, the standard of review is *de novo*. See *Vanderhoff v. Beary*, 2003-0912, p. 2 (La.App. 4 Cir. 8/20/03), 853 So.2d 752, 754, *writ denied*, 2003-2895 (La.1/9/04), 862 So.2d 987 (citing *Cleco Evangeline, LLC v. Louisiana Tax Com,'n*, 2001-2162, p. 3 (La.4/02/02), 813 So.2d 351, 353).

*Crutcher v. Tufts*, 04-653, pp. 6-7 (La.App. 4 Cir. 2/16/05), 898 So.2d 529, 533

Wiltz's first argument as to why the trial court erred in assessing attorney's fees and costs against him personally is that he was acting in his official duties as the SMILE Board President when this action commenced. We find no merit to this argument.

Louisiana Revised Statutes 23:64.1, in pertinent part, states (emphasis added):

> [(A)](1) One-third of the members of the board shall be elected public officials currently holding office in the geographical area to be served by the community action agency. If the number of elected public officials available and willing to serve is less than the one-third

requirement, appointed public officials may be used to meet this requirement. Duly appointed members may designate an individual to represent them on the board by properly notifying the local community action agency of such designation.

. . . .

(C) The terms of board members selected in Paragraph (1) of Subsection A of this Section *shall* coincide with the term of their elected office.

Here, Wiltz was appointed to the SMILE board by former Mayor-President of Lafayette, Joey Durel. Wiltz's term on the SMILE board ended when former Mayor-President Durel's term ended on Monday, January 4, 2016, the date that Durel's successor, Mayor-President Joel Robideaux, was officially sworn in to office. Accordingly, Wiltz was not acting within his official duties as the SMILE Board President when the action commenced.

Wiltz argues that the trial court erred in assessing attorney's fees and costs against him insofar as he was following Louisiana Open Meetings Law in failing to seat Billiot at the March 28, 2016 meeting. We find no merit to this argument.

Louisiana Revised Statutes 42:19 states, in pertinent part, the following:

A. (1)(a) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings, if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of such meetings.

(b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours, exclusive of Saturdays, Sundays, and legal holidays, before the meeting.

(ii)(aa) Such notice shall include the agenda, date, time, and place of the meeting. The agenda shall not be changed less than twenty-four hours, exclusive of Saturdays, Sundays, and legal holidays, prior to the scheduled time of the meeting.

(bb) Each item on the agenda shall be listed separately and described with reasonable specificity. Before the public body may take any action on an item, the presiding officer or his designee shall

4

read aloud the description of the item except as otherwise provided in Subitem (dd) of this Item.

(cc) Upon unanimous approval of the members present at a meeting of a public body, the public body may take up a matter not on the agenda. Any such matter shall be identified in the motion to take up the matter not on the agenda with reasonable specificity, including the purpose for the addition to the agenda, and entered into the minutes of the meeting. Prior to any vote on the motion to take up a matter not on the agenda by the public body, there shall be an opportunity for public comment on any such motion in accordance with R.S. 42:14 or 15. The public body shall not use its authority to take up a matter not on the agenda as a subterfuge to defeat the purposes of this Chapter.

Wiltz's argument is that Billiot's appointment was not placed on the agenda for the March 28, 2016 meeting. As such, according to Wiltz, he could not have placed Billiot on the board at that time without unanimous approval of the members present under La.R.S. 42:19. Wiltz testified that unanimous approval was not obtained at the meeting to consider Billiot's appointment.

Billiot's testimony was that he showed the March 18, 2016 letter to the CEO of SMILE, Royal Hill, that Wiltz was aware of the letter with more than ample time to have put Billiot's seating on the agenda, and that Wiltz illegally chose not to do so. According to Billiot's testimony, Wiltz knew that his term had ended, but refused to relinquish his seat to Billiot.

The trial court made a finding of fact that Wiltz's continued interference with the appointment of Billiot caused Billiot damages. This finding is subject to the manifest error standard of review. The record is such that the testimony of Billiot supports the trial court's findings of fact. As such, we cannot say the trial court was manifestly erroneous in its judgment.

Moreover, regardless of whether SMILE Board meetings were subject to La.R.S. 42:19 notice of meetings requirements, the well supported finding of fact remains that Wiltz continued to serve on the SMILE Board after his term ended,

5

and he did so despite Billiot being appointed to the board by the proper elected official.

Finally, Wiltz argues that the trial court erred in assessing attorney's fees and costs against him because Billiot was seated on the SMILE Board at the time of the trial, making the entire proceedings moot. We disagree.

> When an action is brought against a person for usurping or intruding into or unlawfully holding or attempting to retain possession of a public office, the person who brings the action must set forth in the complaint the name of the person rightfully entitled to the office, with a statement of his right thereto.
>
> In this case or in case the suit is brought by a claimant to the office on proof that the defendant is in bad faith holding or attempting to retain possession of a public office and in such bad faith has received fees or emoluments belonging to the office, the court may in its decree require the defendant to refund them and render judgment against him for the amount thereof as in other civil suits.

La.R.S. 42:80. "If the judgment is in favor of the person alleged to be entitled to the office, he may recover the damages he sustained by reason of the usurpation by the defendant." La.R.S. 42:82.

Louisiana Revised Statutes 42:82 authorizes the trial court to use its discretion in awarding a successful writ of quo warranto plaintiff damages he sustained by reason of the usurpation by the defendant. Here, the trial court found that Wiltz's actions both before and during the March 28, 2016 meeting, once he had knowledge of the March 18, 2016 letter appointing Billiot to the SMILE Board, forced Billiot to file suit in order to be seated on the board. As such, the trial court chose to award Billiot for his damages incurred in the form of payment of attorney's fees and costs in order to get Wiltz to be removed from the board and to have his seat recognized. We find no abuse of the discretion afforded the trial court in this matter.

**ANCILLARY MATTER:**

Billiot asked that this court award him additional attorney's fees from Wiltz related to this appeal. A party that does not answer an appeal is not entitled to attorney's fees at the appellate level. *Dugas v. Aaron Rents, Inc.*, 02-1276 (La.App. 3 Cir. 3/5/03), 839 So.2d 1205. As such, we deny this request.

## DISPOSITION:

Kendall Wiltz assigned four errors in this case which are better characterized as four arguments for one assigned error. We find no merit to any of the arguments or the alleged error. As such, we affirm the trial court's judgment.

John Billiot, Jr. requested additional attorney's fees related to this appeal. We deny this request. All costs of these proceedings are assessed to Kendall Wiltz.

**AFFIRMED.**