929 So.2d 1211 (2006)
Lloyd BADEAUX & Laura M. Badeaux
v.
SOUTHWEST COMPUTER BUREAU, INC.
Nos. 2005-CA-0612, 2005-CA-719.
Supreme Court of Louisiana.
March 17, 2006.
Rehearing Denied June 23, 2006.
*1213 Charles C. Foti, Jr., Attorney General, Tina Vicari Grant, Charlene Patterson, Assistant Attorneys General, for appellant in No. 2005-CA-0612.
*1214 Guglielmo, Marks, Schutte, Terehove & Love, Carey J. Guglielmo, Stephen D. Cronin, Baton Rouge; Underwood Law Firm, Beryl Denise Torrence; Calogero Law Firm, Raquelle M. Badeaux-Phillips, Gerald J. Calogero, New Orleans, for appellee in No. 2005-CA-0612.
Charles C. Foti, Jr., Attorney General, Tina Vicari Grant, Charlene Patterson, Assistant Attorneys General; Calogero Law Firm, Gerald James Calogero, New Orleans, Requelle M. Badeaux-Phillips; Underwood Law Firm, Beryl D. Torrence, for appellant in No. 2005-CA-0719.
Guglielmo, Marks, Schutte, Terhoeve & Love, Carey J. Guglielmo, Stephen Dale Cronin, Baton Rouge, for appellee in No. 2005-CA-0719.
KIMBALL, Justice.[*]
This matter was appealed directly to this court because of a district court's judgment declaring La. R.S. 18:1463 unconstitutional. Because we find plaintiffs' petition did not adequately present a cause of action for defamation under La. R.S. 18:1463 and because the petition did not adequately present a cause of action for general defamation, we conclude that plaintiff should have been granted leave to amend the petition to state a cause of action for the general tort of defamation, without consideration of the constitutionality of La. R.S. 18:1463. Accordingly, we find the district court's declaration of unconstitutionality was premature.

Facts and Procedural History
On February 5, 2004, Lloyd and Laura Badeaux ("plaintiffs") filed a petition for damages against Southwest Computer Bureau, Inc. ("Southwest"). In their petition, plaintiffs alleged that on October 2, 2003, Southwest mailed out an anonymous letter to Lafourche Parish residents and registered voters that contained "libelous and/or fraudulent statements and/or intentionally misleading statements about Lloyd Badeaux that were malicious and in reckless disregard as to the truth." Plaintiffs asserted that Southwest acted independently or as an employee of an unknown person in the mailing of the letter. Plaintiffs also alleged that Southwest's actions damaged their reputation and business and caused them emotional harm and a loss of consortium. The petition additionally alleged that Southwest and the unknown person disseminated the anonymous letter to Lafourche Parish residents and registered voters "recklessly and negligently in violation of La. R.S. 18:1463."[1]
*1215 While it appears Lloyd Badeaux was a candidate in the 2004 Lafourche Parish presidency race, the petition itself does not allege his candidacy status.[2]
*1216 On March 29, 2004, Southwest filed an answer and exceptions of no right of action and no cause of action. In its answer, Southwest generally denied the allegations of plaintiffs' petition, and, alternatively, alleged that the pertinent provisions of La. R.S. 18:1463 unconstitutionally impinged upon its constitutional right of free speech and expression. In its exceptions, Southwest asserted that plaintiffs' petition asserted neither a right of action nor a cause of action against it. Southwest's memorandum in support of the exceptions largely focused on the provisions of La. R.S. 18:1463 and their alleged unconstitutionality. The Attorney General was served with notice of the constitutional challenge to La. R.S. 18:1463, and filed a response.
Plaintiffs opposed the exceptions, arguing their petition stated a cause of action for defamation that does not rely on the allegedly unconstitutional statute. Additionally, plaintiffs argued they relied on La. R.S. 18:1463 to show Southwest's actions were negligent per se, and that the statute does not unconstitutionally infringe upon the right of free speech.
After a hearing on Southwest's exceptions, the district court issued a judgment sustaining the exceptions of no right of action and no cause of action and declaring La. R.S. 18:1463 unconstitutional. Consequently, it dismissed plaintiffs' claims with prejudice. In its oral reasons for judgment, the district court stated:
Well, in your petition, you allege that Southwest Computer Bureau, Incorporated was in violation of Louisiana Revised Statute 18[:] 1463. A plain reading of the statute obviously shows that you have no civil remedy in this particular case under these particular allegations, and the Court does agree with the courts in the past that the anonymous letter portion of its is unconstitutional, so, therefore, I'm ... going to grant the exception.
Following this judgment, both the State, through the Attorney General, and plaintiffs filed motions for new trial, which were denied by the district court.
Subsequently, the State moved for a suspensive appeal returnable to this court, and plaintiffs moved for a devolutive appeal returnable to the Court of Appeal, First Circuit. The district court granted both motions. After review, the court of appeal ordered transfer of plaintiffs' appeal to this court based upon the district court's ruling that La. R.S. 18:1463 is unconstitutional. This court, which has appellate jurisdiction over these matters pursuant to La. Const. art. V, § 5(D), consolidated the plaintiffs' appeal with the State's appeal.

Discussion
At the outset, we note that the issues presented in this case arise in the context of Southwest's exceptions of no right of action and no cause of action. Although these two exceptions are often confused or improperly combined with the same exception, the peremptory exceptions of no right of action and no cause of action are separate and distinct. La. C.C.P. art. 927(A)(4) and (5); Industrial Cos., Inc. v. Durbin, 02-0665, p. 6 (La.1/28/03); 837 So.2d 1207, 1212. This court has recognized that one of the primary differences between the exception of no right of action and no cause of action lies in the fact that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action *1217 is on whether the law provides a remedy against the particular defendant. Id.
The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. C.C.P. art. 927; Turner v. Busby, 03-3444, p. 4 (La.9/9/04), 883 So.2d 412, 415. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. Id.
In contrast, an exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Industrial Cos., 02-0665 at p. 6, 837 So.2d at 1213. The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. Id. In reviewing a district court's ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. Id. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id. at p. 7, 837 So.2d at 1213; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007, 1018 (La.1993). If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1236 (La.1993). Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Industrial Cos., 02-0665 at p. 7, 837 So.2d at 1213.
In the instant case, we find plaintiffs have established a right of action in their suit. They clearly belong to the class of persons that has a legal interest in the subject matter of the litigation at issue.
However, plaintiffs have failed to state a cause of action for damages under La. R.S. 18:1463 because the statute exclusively provides injunctive relief and grants no other civil remedy to plaintiffs. La. R.S. 18:1463(D)(1) states: "An affected candidate or voter shall be entitled to an injunction to restrain future violations of Subsections B and C of this Section." (emphasis added). La. R.S. 18:1463(E) states: "Whoever violates any provision of this Section may be punished by a fine not to exceed five hundred dollars or be imprisoned for not more than six months, or both." In their petition, plaintiffs seek damages, which are not recoverable under La. R.S. 18:1463. Even if the petition sought injunctive relief, plaintiffs would not be entitled to injunctive relief in this case because the election is over and plaintiff is no longer an affected candidate. The district court in its oral reasons for judgment stated that "[a] plain reading of the statute obviously shows that you have no civil remedy in this particular case under these particular allegations."
Thus, the district court could have resolved the issue of whether plaintiffs stated a cause of action for defamation under La. R.S. 18:1463 on nonconstitutional grounds and should have done so. As this court has previously stated, "We have consistently held that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of this is essential to the decision of the case *1218 or controversy." Cat's Meow, Inc. v. City of New Orleans, 98-0601, p. 16 (La.10/20/98), 720 So.2d 1186, 1199 (citations omitted).
Nevertheless, plaintiffs contend their petition alleges facts sufficient to establish the general tort of defamation without resort to the provisions of La. R.S. 18:1463. We disagree and remand the case to allow plaintiffs leave to amend the petition to state a cause of action for the general tort of defamation.
Defamation is a tort involving an invasion of a person's interest in his reputation and good name. Costello v. Hardy, 03-1146, p. 12 (La.1/21/04), 864 So.2d 129, 139; Sassone v. Elder, 626 So.2d 345, 350 (La.1993). Generally, to prevail in a defamation action, plaintiff must prove: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Costello, 03-1146 at p. 12, 864 So.2d at 139. In other words, "plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." Sassone, 626 So.2d at 350. If any one of the required elements is not sufficiently proven, the cause of action fails. Costello, 03-1146 at p. 12, 864 So.2d at 140.
In New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), the United States Supreme Court held that the First Amendment limits the right of a public official to recover damages for defamation. See Trentecosta v. Beck, 96-2388, pp. 11-12 (La.10/21/97), 703 So.2d 552, 560; Bussie v. Lowenthal, 535 So.2d 378, 380 (La.1988). Moreover, a candidate for public office is held to the same standard as a public official for defamation purposes. State v. Defley, 395 So.2d 759, 761 (La.1981) (citing Monitor Patriot Co. v. Roy, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971)).
Our code of civil procedure sets forth a system of fact pleading. Cox. v. W.M. Heroman & Co., 298 So.2d 848, 855 (La.1974). La. C.C.P. art. 854 provides that "all allegations of fact of the petition... shall be set forth in numbered paragraphs." The Code further provides that a petition must contain "a short, clear, and concise statement of ... the material facts of, the transaction or occurrence that is the subject matter of the litigation...." La.C.C.P. art. 891(A). To plead "material facts," the petitioner must allege more than mixed questions of law and fact, such as that the defendant breached the contract or acted unreasonably. Frank L. Maraist & Harry T. Lemmon, 1 Louisiana Civil Law Treatise Civil Procedure § 6.3, at 102 (1999). Rather, "[t]he Code requires the pleader to state what act or omission he or she will establish at trial." Id.
Thus, to plead material facts, a petitioner alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant. Fitzgerald v. Tucker, 98-2313, p. 7 (La.6/29/99), 737 So.2d 706, 713. It is not necessary for a plaintiff to state verbatim the words on which he bases his cause of action, but he must allege a state of facts or condition of things which would show fault under article 2315. Acme Stores v. Better Bus. Bureau of Baton Rouge, 225 La. 824, 74 So.2d 43, 44 (1954). Plaintiff in a defamation suit must name the individual offenders and allege separate acts of defamation as to each, including specific defamatory statements. Juneau v. Avoyelles Par. Police Jury, 482 So.2d 1022, 1027 (La.App. 3d Cir.1986).
*1219 In the instant case, plaintiffs' petition alleges that the letter mailed by Southwest to Lafourche Parish residents and registered voters contained "libelous and/or fraudulent statements and/or intentionally misleading statements" about Lloyd Badeaux that were "malicious and in reckless disregard as to the truth." The petition additionally alleges that Southwest's actions damaged their reputation and business and caused them emotional harm and a loss of consortium.
The allegations that the letter contained "libelous and/or fraudulent statements and/or intentionally misleading statements" are conclusory, and the alleged defamatory statements are not set forth with reasonable specificity. The petition does not describe the nature of the defamatory statements contained in the anonymous letter. Thus, we find that these allegations, liberally construed, are insufficient to state a cause of action for defamation.
When a petition fails to state a cause of action, but may be amended to cure the defect, the court shall grant plaintiff leave to amend. La. C.C.P. art. 934. See Wirthman-Tag Construction Co., LLC v. Hotard, 00-2298, pp. 5-6 (La. 4 Cir. 12/19/01), 804 So.2d 856, 860-61; Crooms v. Lafayette Parish Government, 628 So.2d 1224 (La.App. 3 Cir.1993). If the petition's allegations are merely conclusory and fail to specify the acts that establish a cause of action, then the district court should permit plaintiffs the opportunity to amend the petition. HMC Management Corp. v. New Orleans Basketball Club, 375 So.2d 700, 707(La. App. 4 Cir.1979). Therefore, plaintiffs should be afforded an opportunity to amend their petition to state a cause of action for the general tort of defamation.
In contrast, when the grounds of the objection of no cause of action cannot be removed, then plaintiffs need not be given an opportunity to amend. Treasure Chest Casino, LLC v. Parish of Jefferson, 96-1010, pp. 5-6 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 755. In the instant case, plaintiffs do not state a cause of action under La. R.S. 18:1463 because the statute provides plaintiffs with no remedy, and they cannot cure the defect by amending the petition. Thus, plaintiffs need not be given leave to amend the petition as to the cause of action under La. R.S. 18:1463.

Decree
For all the above reasons, we find plaintiffs have not stated a cause of action for defamation under La. R.S. 18:1463 and have not stated a cause of action for the general tort of defamation. However, this case is remanded to the district court to allow plaintiffs to amend their petition to state a cause of action for the general tort of defamation. Therefore, the district court's judgment granting Southwest's exceptions of no right of action and no cause of action is reversed. The district court's declaration of unconstitutionality was premature and is therefore vacated.
REVERSED IN PART; VACATED IN PART; and REMANDED.
NOTES
[*] Retired Judge Robert J. Klees, assigned as Associate Justice Ad Hoc, for Chief Justice Pascal F. Calogero, recused; and Retired Judge Lemmie O. Hightower, assigned as Associate Justice Ad Hoc, for Associate Justice John L. Weimer, recused.
[1] La. R.S. 18:1463 provides in its entirety:

A. The Legislature of Louisiana finds that the state has a compelling interest in taking every necessary step to assure that all elections are held in a fair and ethical manner and finds that an election cannot be held in a fair and ethical manner when any candidate or other person is allowed to print or distribute any material which falsely alleges that a candidate is supported by or affiliated with another candidate, group of candidates, or other person, or a political faction, or to publish statements that make scurrilous, false, or irresponsible adverse comments about a candidate or a proposition. The legislature further finds that the state has a compelling interest to protect the electoral process and that the people have an interest in knowing the identity of each candidate whose number appears on a sample ballot in order to be fully informed and to exercise their right to vote for a candidate of their choice. The legislature further finds that it is essential to the protection of the electoral process that the people be able to know who is responsible for publications in order to more properly evaluate the statements contained in them and to informatively exercise their right to vote. The legislature further finds that it is essential to the protection of the electoral process to prohibit misrepresentation that a person, committee, or organization speaks, writes, or acts on behalf of a candidate, political committee, or political party, or an agent or employee thereof.
B.(1) No person shall cause to be printed or assist in the distribution, transportation, or transmission by any means of any facsimile of an official ballot or cause to be printed, distributed, transported, or transmitted any unofficial sample ballot with the number of a candidate unless the name of the candidate to whom the ballot number was assigned is correctly listed on the ballot.
(2) No person shall cause to be printed or assist in the distribution, transportation, or transmission by any means of any facsimile of an official ballot, or cause to be printed, distributed, transported, or transmitted any unofficial sample ballot containing a photograph, or likeness of any person which falsely alleges, with an intent to misrepresent, that any person or candidate, or group of candidates in an election is endorsed by or supported by another candidate, group of candidates or other person.
C.(1) No person shall cause to be distributed, or transmitted, any oral, visual, or written material containing any statement which he knows or should be reasonably expected to know makes a false statement about a candidate for election in a primary or general election or about a proposition to be submitted to the voters.
(2) Paragraphs (1) and (3) of this Subsection shall not apply to:
(a) Statements which merely express support for or opposition to a candidate or proposition.
(b) Statements on bumper stickers, lapel pins and stickers, lawn signs, hat bands, badges, ribbons, or to balloons, matchbooks, pens, pencils, and similar paraphernalia.
(c) Radio and television broadcasters who broadcast paid political announcements or paid advertisements that include the voice or picture of a candidate for public office.
(3) If an individual, association, organization, committee, or corporation is responsible for or causes the distribution or transmission of any statements relative to candidates or propositions which do not fully disclose the name of the individual or the name of the association, organization, committee, or corporation, and the full and correct name and address of its chairman or other chief administrative officer and whether or not such individual, association, organization, committee, or corporation supports or opposes such candidate or proposition, such individual, association, organization, committee, or corporation shall report all expenditures incurred in relation to the publication, distribution, transportation, or transmission in accordance with R.S. 18:1491.7, 1495.5, or 1501.1.
(4)(a) No person shall misrepresent himself or any committee or organization under his control as speaking, writing, or otherwise acting for or on behalf of any candidate, political committee, or political party, or any employee or agent thereof.
(b) No person shall willfully and knowingly participate in or conspire to participate in a plan, scheme, or design to misrepresent himself or any committee or organization under his control or under the control of any other participant in the plan, scheme, or design as speaking, writing, or otherwise acting for or on behalf of any candidate, political committee, or political party, or any employee or agent thereof.
(c) A radio or television broadcaster who broadcasts a paid political announcement or advertisement, the content of which the broadcaster had no input in or control over, is not subject to the provisions of this Paragraph.
D.(1) An affected candidate or voter shall be entitled to an injunction to restrain future violations of Subsections B and C of this Section.
(2) In the event a permanent injunction is granted, reasonable attorney fees shall be allowed the petitioner by the court which shall be taxed as costs to be paid by the defendant.
E. Whoever violates any provision of this Section may be punished by a fine not to exceed five hundred dollars or be imprisoned for not more than six months, or both.
[2] In fact, plaintiffs have stated that Lloyd Badeaux was a candidate in an election for president of Lafourche Parish at all times during Southwest's alleged tortious conduct, and have conceded that their petition fails to mention this fact. Plaintiff has suggested that the court should allow them leave to amend their petition to allege this fact.