KUHN, J.,
concurring in part.
|H concur because the 2005 trial court judgment reviewed in this appeal is properly vacated because the State of Louisiana through the Department of Social Services (“the Department”) has not been made a party to this suit. Further, the record does not establish sufficient facts to *28 support the majority’s conclusion that Mrs. Ambrose does not have a right of action to file her rule for contempt.
La. R.S. 46:236.1.9 C provides, “The department shall be an indispensable party to any proceeding involving a support obligation or arrearages owed under [Subpart B, addressing public assistance for child support enforcement].” The majority references this statute in a footnote but does not vacate the trial court’s judgment on the basis of this statute. The record establishes that the Department was providing support enforcement services to Mrs. Ambrose in 2001 and that the Department filed proceedings against Mr. Ambrose on behalf of Mrs. Ambrose and the minor children in a suit captioned State of Louisiana v. Steve Ambrose. In that proceeding, the 2001 judgment identified that Mr. Lawrence D. Ward, Jr., Assistant District Attorney for the Department appeared on behalf of “the payee, Marjorie Ambrose,” but ordered Mr. Ambrose to pay monthly child support and 31% of unpaid medical bills to the 32nd Judicial District Court IV-D Program. See La. R.S. 46:236.1.2(D)(1). Mrs. Ambrose’s current rule, filed in a 12separate action in the 32nd Judicial District Court, seeks an executory judgment for past due child support and medical payments owed by Mrs. Ambrose under the terms of the 2001 judgment.[1]
The majority concludes that Mrs. Am-brose does not have a right of action to enforce the 2001 judgment. Louisiana Revised Statutes 46:236.1.5, also within Sub-part B and addressing family and child support programs, provides:
A. By accepting [Family Independence Temporary Assistance Program benefits] for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without the necessity of signing any document, to have made an assignment to the department of his entire right, title, and interest to any support obligation such applicant or recipient may have in his own behalf or on behalf of any family member for whom the applicant is applying for or receiving FITAP which has accrued at the time of the certification for FITAP and which accrues during the time FITAP is furnished. The assigned support rights shall constitute an obligation owed to the department by the person responsible for providing such support, and said obligation shall be established by an order of a court of competent jurisdiction, and the department may thereafter collect by appropriate process any outstanding debt thus created....
B. The applicant or recipient shall also be deemed, without the necessity of signing any document, to have consented to the designation of the department as payee in an initial or amended order of support and to have appointed the SES program administrator as his or her true and lawful attorney-in-fact to act in his or her name, place, and stead to perform the specific act of endorsing any and all drafts, checks, money orders, or other negotiable instruments representing support payments which are received on behalf of such individual or his caretaker. The department shall be an indispensable party to any proceeding involving a support obligation or arrearages owed under this Subpart. The provisions of this Subpart shall apply retrospectively to all support rights assigned, whether by written assignment or by operation of law, prior and subsequent to October 1,1981.
*29 (Emphasis added.)
|3In the instant case, Mrs. Ambrose is seeking to enforce Mr. Ambrose’s payment of child support and medical payments for obligations that have accrued during 2005. While the record establishes generally that “support enforcement services” were being provided to Mrs. Am-brose under La. R.S. 46:236.1 et seq. as of May 2001, the record does not establish that the Department has continued to provide services or that any services were furnished to Mrs. Ambrose during 2005, when the support obligations at issue in this rule accrued. Accordingly, the record does not clearly establish that plaintiff has assigned her rights to these benefits to the Department.
The majority reasons that Mrs. Am-brose has no right of action because she has not complied with La. R.S. 46:236.2 B, which addresses the required steps that an interested party must take before it can be designated as a “payee.” Although Mrs. Ambrose may be required to comply with the steps outlined in La. R.S. 46:236.2 B to obtain an order requiring Mr. Ambrose to make the support payments directly payable to her, this statute does not establish that she cannot file a suit to enforce the terms of the 2001 judgment, i.e., requiring Mr. Ambrose to make payments to the 32nd Judicial District Court IV-D Program.
The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. C.C.P. art. 927. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. Badeaux v. Southwest Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211, 1216-1217. As sole custodian of the minor children at issue, Mrs. Ambrose has an interest in enforcing the judgment obtained by the Department on her behalf. See |4La. R.S. 46:236.6 E (providing that the “provisions and remedies of this Section [authorizing the Department to enforce the terms of a court order issued pursuant to this Subpart] shall be construed as an addition to, and not in substitution for, any .other remedy otherwise available to obtain or enforce an order for support.”)
Thus, the record does not establish that Mrs. Ambrose does not have an interest in the subject matter of the suit or otherwise does not have the legal capacity to proceed with the suit. By filing this suit, she has effectively interrupted the applicable prescriptive period. But because the Department was not joined in the proceedings below, and La. R.S. 46:236.1.9 mandates that the Department is an indispensable party, the trial court’s 2005 judgment should be vacated. The matter should be remanded to the trial court for further proceedings.

. Mrs. Ambrose's petition for divorce filed in 1997 was the initial pleading in the present suit.