EDWARD A. DUFRESNE, JR., Chief Judge.
| /This is an appeal by Larry Viator, plaintiff-appellant, from a judgment sus- *103 taming an exception of no right of action urged by Magnolia Quarterboats, Inc., third party defendant-appellee. For the following reasons we set aside the judgment on the exception and remand the matter for further proceedings.
The underlying facts are straightforward. Magnolia is in the business of providing barges equipped with living quarters to companies needing maritime housing for employees. In this case it entered into a bareboat charter for a barge with Western Geophysical. This company in turn contracted with Dauterive Contractors, Inc. for certain work, and Viator, the plaintiff, was employed by this latter company.
In 1997 Viator fell while getting out of a four foot high bunk bed on the barge and alleges serious injuries. He sued Dauterive and Geophysical for these damages. It appears that Dauterive was bankrupt, and the action proceeded against Geophysical. In November of 2002, Geophysical filed a third party demand |sagainst Magnolia alleging that under the bareboat charter, Magnolia was required to indemnify it for Viator’s damages.
Prior to trial Geophysical settled with Viator for $250,000, and an assignment of its third party demand for indemnification against Magnolia. Viator then substituted himself for Geophysical on this claim. Magnolia urged an exception of no right of action against Viator’s indemnification claim, which was granted. Geophysical then substituted itself for Viator on the same claim and Magnolia successfully urged an exception of no right of action against Geophysical as well. Viator now appeals both judgments.
The inquiry on an exception of no right of action is whether the particular plaintiff has a right to bring the suit. Badeaux v. Southwest Computer Bureau, Inc. 2005-0612 (La.3/17/06), 929 So.2d 1211. Clearly, Geophysical as a party to the bareboat charter at issue had a right to bring suit on the contract. The remaining question is whether this right is assignable. Article 2642 of the La. Civil Code provides as follows:
All rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor.
Comment (b) notes that under this article an assignment is valid even without the consent of the debtor since as a general rule the identity of the creditor should be immaterial to the debtor who owes the performance involved.
Here, the assigned right grows out of an indemnification clause in the bareboat charter:
Owner shall hold harmless and release Charterer from any liability for and will indemnify and defend Charterer for any claims brought against the Charterer by the Owner’s employees, agents, officers, or their contractors, subcontractors, or representatives of any of them for personal injury or death, or other damages including property damage or loss caused or resulting from actions of owner’s personnel, or for unseaworthiness, strict | pliability, or punitive damages, and whether they arise out of the sole or concurrent negligence or fault of Charterer.
This clause does not involve any obligation that is strictly personal and therefore it is assignable. Thus, Viator is now the party with a right to" sue under that clause in the charter, and the judgment sustaining the exception of no right of action must be set aside. Because of this ruling, the appeal of the second judgment at issue sustaining Magnolia’s exception of no right of action against Geophysical is rendered moot.
*104 We note that we make no determination here as to whether this clause pertains to the alleged facts, or whether and to what extent Viator suffered injuries compensa-ble by Magnolia under the clause or under any other theory of the case. Those issues are yet to be determined in the district court.
For the above reasons the judgment sustaining the exception of no right of action as to Larry Viator is set aside and the matter is remanded to the district court for further proceedings consistent with this opinion.

JUDGMENT SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.