| THOMAS P. HUBERT | * | NO. 2019-CA-0400 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| JOANNE CURREN, GARY C. | * | |
| LANDRIEU & LANDRIEU | | FOURTH CIRCUIT |
| CONSTRUCTION, INC. | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2012-08880, DIVISION "F"
Honorable Christopher J. Bruno, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins,
Judge Regina Bartholomew-Woods)


*BARTHOLOMEW-WOODS, J., CONCURS IN THE RESULT*

Scott R. Bickford
Lawrence J. Centola, III
Jason Z. Landry
MARTZELL, BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLANT

Henry L. Klein
LAW OFFICE OF HENRY L. KLEIN
844 Baronne Street
New Orleans, LA 70113


     COUNSEL FOR DEFENDANT/APPELLEE

          **AFFIRMED**

       **OCTOBER 2, 2019**

This appeal is from a district court judgment sustaining the exception of no right of action filed by defendant, Joanne Curren, and dismissing the plaintiff's lawsuit against her with prejudice. After *de novo* review of the record in light of the applicable law and arguments of the parties, we affirm the district court judgment.

***Relevant Facts and Procedural History***

On May 28, 2008, Thomas P. Hubert (the plaintiff/appellant) purchased the house at 614 State Street in uptown New Orleans from Kenneth P. Landrieu and Gary C. Landrieu. Several years later, in the early morning of December 25, 2011, a small fire occurred in the clothes dryer located in a utility closet on the second floor of his home. The fire was extinguished before the arrival of the New Orleans Fire Department.

On September 18, 2012, the plaintiff filed this lawsuit, alleging that the fire occurred due to faulty workmanship performed on the house prior to his purchase and that, as a result of the fire, he and his family were forced to evacuate the house until January 17, 2012, at significant personal expense. The plaintiff named as defendants Ms. Curren, Gary C. Landrieu (Ms. Curren's brother), and Landrieu

Construction, Inc.  Ms.  Curren was included as a defendant because she purportedly acted improperly as the general contractor and/or licensed home improvement contractor when, prior to the plaintiff's purchase, the house was "renovated and/or remediated and/or improved."   Specifically, the plaintiff asserted in his petition:

## THE CAUSE OF THE FIRE

21.

A third party investigated the cause of the fire.

22.

The third party that investigated the cause of the fire determined that the fire was caused by the fact that the dryer was improperly installed and there was no venting to the exterior of the home from the dryer.

23.

As the contractors for the renovation, remediation, and/or improvement of the Hubert home, Defendants are liable to the Plaintiff for the improper installation of the dryer that resulted in the fire.

On January 15, 2013, Ms. Curren filed exceptions of no right of action and no cause of action.  The district court overruled them on April 22, 2013.  The plaintiff dismissed Ms. Curren from the lawsuit without prejudice shortly thereafter.  On February 12, 2015, however, Mr. Hubert filed an amended and supplemental petition "re-naming" Ms. Curren as a defendant.

Ms. Curren filed the instant exception of no right of action on November 2, 2018, pointing out that three years and seven months prior to the fire the plaintiff purchased the house in a cash sale from Kenneth Landrieu and Gary Landrieu and

2

that the sale contract[1] included the following clauses clearly stating that the property was:

> . . . SOLD IN AN "AS IS" CONDITION WITHOUT ANY WARRANTY AGAINST REHIBITORY VICES AND DEFECTS . . . AND WITHOUT ANY REPRESENTATIONS OF WARRANTY (OTHER THAN WARRANTY OF TITLE), EXPRESS OR IMPLIED WHATSOEVER OF ANY KIND AS TO ANY MATTER.
>
> BUYER HEREBY WAIVES ANY AND ALL RIGHTS BUYER MAY HAVE IN CONNECTION THEREWITH. BUYER AND SELLER ACKNOWLEDGE THAT THIS PROVISION HAS BEEN NEGOTIATED BETWEEN THEM. BUYER UNDERSTANDS THE MEANING AND SIGNIFICANCE OF THIS ["AS IS"] PROVISION AND BUYER AND SELLER ACKNOWLEDGE AND AGREE THAT THE SALES PRICE AND TERMS AND CONDITIONS OF THE SALE WERE ESTABLISHED BY THEM AFTER HAVING TAKEN INTO ACCOUNT THE PRESENT CONDITION OF THE PROPERTY SOLD HEREIN.

The plaintiff responded, asserting that the prior judgment denying Ms. Curren's exception of no right of action constituted law of the case and should not be revisited. In the alternative, he argued that, accepting the pleaded facts in the amended and supplemental petition as true, Ms. Curren acted as the home improvement contractor in the renovation work done prior to the purchase and, thereby, breached the implied warranty of good workmanship which, in turn, was the cause of the fire.

After a hearing on February 22, 2019, the district court granted Ms. Curren's exception of no right of action and dismissed Ms. Curren from the lawsuit with prejudice.

This devolutive appeal was timely filed.

---

[1] The sales contract was attached as an exhibit to the defendant's exception of no right of action.

*Discussion*

The objection of a no right of action tests whether the plaintiff who seeks relief is the person in whose favor the law extends a remedy. *Howard v. Administrators of Tulane Educational Fund,* 2007-2224, p. 16 (La. 7/10/08), 986 So.2d 47, 59. In other words, the question is simply whether the plaintiff has a right to sue the defendant. *Badeaux v. Southwest Computer Bureau, Inc.* 2005-0612, 2005-719, p. 7 (La. 3/17/06), 929 So.2d 1211, 1216. "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." La. Code Civ. Proc. art. 681.

On appeal, the plaintiff in this case argues that the district court judgment must be reversed because its analysis in its reasons for judgment, based on the "subsequent purchaser doctrine" articulated in *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.,* 2010–2267 (La.10/25/11), 79 So.3d 246, is wrong. However, a district court's written reasons are not part of the judgment and, thus, not grounds for reversal. *Hamilton v. Hamilton,* 1997-2709, pp.4-5 (La. App. 4 Cir. 6/24/98), 716 So.2d 412, 415.

The plaintiff also argues that the "subsequent purchaser doctrine" does not apply to this case because the damage (the fire) occurred three years after the purchase of the home and not before the purchase of the property. In other words, in his attempt to circumvent the district court's reasoning, the plaintiff argues that Ms. Curren was responsible for the fire but the purported "poor workmanship" that presumably created the defect that caused the fire was a separate event for purposes of the "subsequent purchaser" analysis. This argument is self-defeating and absurd.

4

In *Eagle Pipe,* the Louisiana Supreme Court made clear that in the absence of a specific assignment or subrogation of a right, a subsequent purchaser of property has no right of action against a third part for *non-apparent* property damage. (emphasis added) In addition, the Court observed that within the law of obligations in the Louisiana Civil Code there is a "distinction between apparent (overt) and non-apparent (hidden) defects in a thing sold" and that this distinction affects the a new owner's rights and causes of action; specifically, there is no seller's warranty for defects in the thing that should have been discovered by, a reasonably prudent buyer because "[w]hen the defects of the thing sold are apparent, the law of obligations does not provide a cause or right of action to the buyer." *Eagle Pipe,* 2010-2267, p. 14, 79 So. 3d at 260 (citing La. Civ. Code 2521)

The plaintiff in this case purchased the house "as is," waiving all rights including "implied" warranties (except for warranty of title which is not at issue) against the previous owner. Nonetheless, he has filed this claim against Ms. Curren, asserting that, acting in a non-licensed capacity before his purchase of the house, she was responsible for the poor workmanship, *i.e.,* the defect, that cause the fire. However, as the district court pointed out, there is no private right of action against Ms. Curren for acting as a contractor or subcontractor without a license.

Moreover, the key issue in this matter is that the plaintiff has no right of action against Ms. Curren because, as the Louisiana Supreme Court observed in *Eagle Pipe,* when a defect is apparent and discoverable by a reasonably prudent buyer, "the law of obligations does not provide a cause or right of action to the buyer." *Eagle Pipe, supra.* The basis of the plaintiff's claim for damages is that

5

the dryer was not properly vented and, therefore, caused the fire more than three years after his purchase of the home. However, such a defect would be apparent to any reasonably prudent buyer because the lack of vent could easily be observed from both the interior and exterior of the house. Moreover, lint from a dryer without a vent to the outside quickly becomes apparent to anyone using the dryer so it is difficult to imagine that the plaintiff and his family did not notice (and take care of) this problem in the three years and seven months that they lived in the house.

The plaintiff has no right of action against Ms. Curren and, accordingly, the district court did not err in granting her exception of no right of action.

*Conclusion*

The district court judgment is affirmed.

**AFFIRMED.**