| | | |
|---|---|---|
| LINDA KOCHER | * | NO. 2020-CA-0264 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| TRUTH IN POLITICS, INC., | * | |
| AND CAUSEWAY | | FOURTH CIRCUIT |
| CONNECTION PAC | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-11867, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge Edwin A. Lombard)

Lawrence Blake Jones
David C. Whitmore
Joshua L. Rubenstein
BLAKE JONES LAW FIRM, LLC
701 Poydras St., Suite 4100
New Orleans, LA 70139
-AND-
Ronald L. Wilson
BLAKE JONES LAW FIRM, LLC
701 Poydras St., Suite 4100
New Orleans, LA 70139

      COUNSEL FOR PLAINTIFF/APPELLEE

William D. Aaron, Jr.
Anna A. Rainer
AARON & GIANNA, PLC
201 St. Charles Avenue, Suite 3800
New Orleans, LA 70170

      COUNSEL FOR DEFENDANTS/APPELLANTS

      **AFFIRMED AND REMANDED**

      **SEPTEMBER 2, 2020**

EAL

JFM

TFL

The Appellants, defendants Truth in Politics, Inc., and Causeway Connection PAC seek review of the February 10, 2020 judgment of the district court, denying their exception of no cause of action. Pursuant to our *de novo* review, we affirm the judgment of the district court, finding that Ms. Kocher's petition does state a cause of action under La. Rev. 18:1463 of the Louisiana Election Code. Moreover, we remand this matter to the district court for further proceedings.

### Facts and Procedural History

Three days prior to the 2019 Louisiana gubernatorial election, on November 13, 2019, Ms. Kocher filed an Emergency Petition for Injunctive Relief with Request for Expedited Consideration for Issuance of a Temporary Restraining Order ("Emergency Petition") in Civil District Court. Ms. Kocher sought an emergency temporary restraining order as well as a preliminary and permanent injunction under La. Rev. Stat. 18:1463 to enjoin the Appellants from running two political campaign advertisements allegedly containing false statements.

1

On the same date of the filing, the duty judge granted a temporary restraining order to Ms. Kocher, from which the Appellees sought review of in this Court. Determining that the district court erred in failing to render a temporary restraining order compliant with La. Code Civ. Proc. art. 3605, we reversed the judgment and remanded the matter to the district court for reissuance of an appropriate order. *Kocher vs. Truth in Politics,* 19-0993 (La. App. 4th Cir. 11/15/19), 283 So.3d 649. The district court thereafter revised the temporary restraining order's wording. The Appellants represent that the temporary restraining order expired on November 17, 2019, the day after the election that resulted in the re-election of Governor John Bel Edwards.

In November 2019, the Appellants filed an exception of no cause of action wherein they averred the Emergency Petition failed to state a cause of action due to: the Appellants' full compliance with the temporary restraining order; the removal of the advertisements; and the passing of the election. Thus, they requested the dismissal of the action, alleging that Ms. Kocher was no longer an affected voter under the aforementioned statute and that no enjoinable conduct remained. Following a December 16, 2019 hearing on the exception, the district court issued a judgment denying the exception, reasoning that Ms. Kocher was still entitled to relief under the Election Code. This timely appeal followed.

The Appellants' primary argument on appeal is that the district court erred in denying the exception of no cause of action because Ms. Kocher no longer has a cause of action under La. Rev. Stat. 18:1463, since the gubernatorial election has passed.

**Standard of Review**

The Louisiana Supreme Court has explained that a "[t]he peremptory exception of no cause of action is set forth in LSA-C.C.P. art. 927(A)(5) and tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged." *Agrifund, LLC v. Radar Ridge Planting Co.,* 19-1528, p. 1 (La. 11/25/19), 283 So. 3d 492, 492 (citations omitted). In making that limited determination, "[e]very reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial." *Villareal v. 6494 Homes, LLC,* 48,302, p. 7 (La. App. 2 Cir. 8/7/13), 121 So.3d 1246, 1250.

The Louisiana Code of Civil Procedure provides that the exception is tried on the face of the pleadings, and no evidence may be offered to support or controvert the exception. La. Code Civ. Proc. art. 931; See also *Pelts & Skins, L.L.C. v. La. Dept. of Wildlife and Fisheries*, 05-0952, p. 8 (La. App. 1 Cir. 6/21/06), 938 So.2d 1047, 1052-53 [holding "[a]ll well pleaded allegations of fact in the petition must be accepted as true."]. Courts must instead "consider only the facts alleged by the plaintiff" and must determine if the facts of petition "presents a case which legally entitles the plaintiff to the relief sought." *Delta Bank & Trust Co. v. Lassiter*, 383 So.2d 330, 336 (La. 1980).

Exceptions of no cause of action are not favored, and are "likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief.'" *Couvillion Grp., L.L.C. v. Plaquemines Par. Gov't*, 19-0564, p. 5 (La. App. 4 Cir. 12/11/19), 286 So.3d 1129, 1134 (quoting *City of New Orleans v. Bd. of Directors of Louisiana State Museum*, 98-1170, p. 10 (La. 3/2/99), 739 So.2d 748, 756).

**Discussion**

As stated above, the Appellants' main assignment of error is that the district court erred in denying the exception of no cause of action because Ms. Kocher no longer has a cause of action under La. Rev. Stat. 18:1463, following the election at issue. They specifically maintain that:

- Ms. Kocher is no longer an "affected voter" under La. Rev. Stat. 18:1463, following the election;

- requests to restrain conduct through preliminary and permanent injunctions related to the election are no longer viable since the passage of the election; and,

- affected voters and affected candidates cannot restrain hypothetical conduct for a hypothetical election.

We begin with a review of Ms. Kocher's Emergency Petition. She pleaded that she is a registered voter in Louisiana, who voted in the primary election for Governor and intended to vote in the upcoming gubernatorial run-off election of November 16, 2019, between the incumbent Governor John Bel Edwards and candidate Eddie Rispone. She further pled that the Appellants, while different organizations, shared a united mission to reveal "Governor John Bel Edwards' failed policy decisions."

She averred that starting around November 8, 2019, the Appellants began running various advertisements on "different local media avenues, including several television stations in and around New Orleans." Specifically, she alleged, they ran or caused others to run two advertisements filled with false statements, which Ms. Kocher viewed several times on various media outlets. The crux of both ads was that Gov. Edwards was awarding a lucrative state contract worth $65,000,000 to enrich his friend, Lt. Col. (Ret.) Murray Starkel.

4

Ms. Kocher pled that the statements in these advertisements are patently and demonstrably false, and the Appellants knew or should have reasonably been expected to know this. Moreover, she averred that the Louisiana Coastal Protection and Restoration Authority ("CPRA") itself, the governmental agency at alleged to have awarded the lucrative contract, released a statement that Ecological Service Partners, LLC ("ESP")— a limited liability company that Lt. Col. (Ret.) Starkel is a Managing Partner of— was never awarded the contract.[1] Ms. Kocher pled that despite CPRA's statement, the Appellants continued to run or caused others to run the above-referenced advertisements.[2]

She went on to state that in La. Rev. Stat. 18:1463(A), the Louisiana Legislature identified that the state has compelling interests in: proactively assuring that all elections are held in a fair and ethical manner" and protecting the electoral process so that the people are able to know who is responsible for publications in order to more properly evaluate the statements contained in them and to informatively exercise their right to vote. The Legislature, she pled, recognized "that the people have an interest in knowing the identity of each candidate . . . in order to be fully informed and to exercise their right to vote for a candidate of their choice." La. Rev. Stat. 18:1463(A).

The aforementioned statute, Ms. Kocher pleaded, provides that elections "cannot be held in a fair and ethical manner when any candidate or other person is allowed...to publish statements that make scurrilous, false, or irresponsible adverse comments about a candidate or a proposition." Thus, the statute mandates that

---

[1] ESP responded to CPRA's RSIQ no. 2503-09-01, submitted a Statement of Interest and Qualifications, and was later selected with other applicants to submit a proposal in response to the CPRA's RFP process.

[2] The CPRA statement was attached to the petition as an exhibit.

"[n]o person shall cause to be distributed, or transmitted, any oral, visual, or written material containing any statement which he knows or should be reasonably expected to know makes a false statement about a candidate for election in a primary or general election or about a proposition to be submitted to the voters." La. Rev. Stat. 18:1463(C)(1).

Ms. Kocher further cited that section C and D of the Election Statute entitled affected voters, like her, to seek:

> an injunction to restrain future violations of Subsections B and C of this Section" and further that, "[i]n the event a permanent injunction is granted, reasonable attorney fees shall be allowed the petitioner by the court which shall be taxed as costs to be paid by the defendant.[3]

---

[3] La. Rev. Stat. 18:1463, entitled Political material; ethics; prohibitions, provides in pertinent part:

> A. The Legislature of Louisiana finds that the state has a compelling interest in taking every necessary step to assure that all elections are held in a fair and ethical manner and finds that an election cannot be held in a fair and ethical manner when any candidate or other person is allowed to print or distribute any material which falsely alleges that a candidate is supported by or affiliated with another candidate, group of candidates, or other person, or a political faction, or to publish statements that make scurrilous, false, or irresponsible adverse comments about a candidate or a proposition. The legislature further finds that the state has a compelling interest to protect the electoral process and that the people have an interest in knowing the identity of each candidate whose number appears on a sample ballot in order to be fully informed and to exercise their right to vote for a candidate of their choice. The legislature further finds that it is essential to the protection of the electoral process that the people be able to know who is responsible for publications in order to more properly evaluate the statements contained in them and to informatively exercise their right to vote. The legislature further finds that it is essential to the protection of the electoral process to prohibit misrepresentation that a person, committee, or organization speaks, writes, or acts on behalf of a candidate, political committee, or political party, or an agent or employee thereof.
>
> . . .
>
> C. (1) No person shall cause to be distributed, or transmitted, any oral, visual, or written material containing any statement which he knows or should be reasonably expected to know makes a false statement about a candidate for election in a primary or general election or about a proposition to be submitted to the voters.

In addition to requesting the issuance of a permanent injunction, she further requested that an emergency temporary restraining order and preliminary injunction be issued, requiring the Appellants to instruct any person or entity currently running the advertisements to promptly cease doing so.

The district court, in denying the Appellants' exception, set forth its reasons within the judgment itself. The Court reasoned that when ruling on an exception of no cause of action when a petition seeks relief under the specified portion of the Election Code, the allegations of the petition are considered as of the time of filing:

> . . . The Court finds that Plaintiff alleged a valid cause of action under La. R.S. 18 §1463 in her petition at the time it was filed on November 13, 2019, days before the November 16, 2019 election. La. R.S. 18 §1463 also delineates consequences for violating provisions of this statute. Although the election date has passed, the Court looks within the four corners of the Petition at the time the Petition was filed. The Court finds that a valid cause of action existed at the time the Petition was filed . . .

Pursuant to our *de novo* review of the Emergency Petition, we also find that the Ms. Kocher's petition states a cause of action under La. Rev. Stat. 18:1463. The operative facts giving rise to Ms. Kocher's right to judicially assert an action against the Appellants, i.e., her cause of action, are statutorily based on La. Rev. Stat. 18:1463, which specifically provides for temporary, preliminary and

---

. . . .
D. (1) An affected candidate or voter shall be entitled to an injunction to restrain future violations of Subsections B and C of this Section.
(2) In the event a permanent injunction is granted, reasonable attorney fees shall be allowed the petitioner by the court which shall be taxed as costs to be paid by the defendant.

. . .

F. Whoever violates any provision of this Section shall be fined not more than two thousand dollars or be imprisoned, with or without hard labor, for not more than two years, or both.

permanent injunctive relief for affected voters and candidates when violations of said statute occur. Ms. Kocher sought all three forms of relief in the Emergency Petition based upon her allegations that the Appellants were perpetuating mistruths through two television advertisements prior to the upcoming election. A permanent injunction may issue to restrain future violations of Subsections B and C of the statute, though the statute does not define a "future violations." La. Rev. Stat. 18:1463 (D).

As stated above, a petition is reviewed on its four corners when an exception of no cause of action is raised. Consequently, we must consider Ms. Kocher's exigent requests for relief as an "affected voter" as of the time of filing, prior to the election, because that time period and the surrounding circumstances are what was set forth in her petition. As such, Ms. Kocher, clearly set forth a cause of action for injunctive relief under La. Rev. Stat. 18:1463, considering her allegations that false political advertisements were airing about Governor Edwards prior to the then-impending election. The Appellants, however, assert that we review Ms. Kocher's petition not solely on its four corners, but through the lens of time, to determine whether any viable relief remains for Ms. Kocher under the Election Code post-election. This is improper under the previously stated established jurisprudence for reviewing an exception of no cause of action.

The Appellants rely upon *Badeaux v. Sw. Computer Bureau, Inc.,* 05-0612 (La. 3/17/06), 929 So. 2d 1211, to support their position that there is no cause of action for injunctive relief under La. Rev. Stat. 18:1463 for an affected voter or candidate after an election. Their reliance is misplaced.

In *Badeaux*, a candidate for Lafourche Parish president in and his wife filed a petition for damages against a company that was circulating mailers to Lafourche

8

residents and voters about the candidate containing allegedly false and misleading statements leading up to the election. *Id.*, 05-0612, pp. 1-4, 929 So. 2d at 1214-15. The plaintiffs raised defamation claims and alleged violations of La. Rev. Stat. 18:1463, for which they sought damages.[4] *Id.*

The district court sustained exceptions of no cause of action and no right of action in favor of the defendant and determined that La. Rev. Stat. 18:1463 was unconstitutional. Both the State and the Plaintiffs sought review of the district court's judgment. Because the constitutionality of La. Rev. Stat. 18:1463 was raised, the appeals were consolidated before the Louisiana Supreme Court.

The *Badeaux* Court determined that the plaintiffs failed to state a cause of action under La. Rev. Stat. 18:1463 because they did not seek injunctive relief and civil remedies are unavailable under the statute. The Court further opined:

> Even if the petition sought injunctive relief, plaintiffs would not be entitled to injunctive relief in this case because the election is over and plaintiff is no longer an affected candidate. The district court in its oral reasons for judgment stated that "[a] plain reading of the statute obviously shows that you have no civil remedy in this particular case under these particular allegations.

*Id.*, 05-0612, pp. 7-8, 929 So. 2d at 1217.

The facts in *Badeaux*, however, are distinguishable from the instant matter where Ms. Kocher clearly requested injunctive relief within her Emergency Petition and did so prior to the election. It is unclear in *Badeaux* when the plaintiffs filed their petition in relation to the election, but they solely sought civil damages from the defendant. Moreover, considering that the *Badeaux* Court was not

---

[4] The *Badeaux* Court does not mention the election date itself, but does state that the plaintiff was a candidate in the 2004 parish president race. The defendant's mailer was circulated on October 4, 2003, and the plaintiffs' petition was filed in February 2004. *Id.*, 05-0612, pp. 1-2, 929 So. 2d at 1214. Thus, it appears that the petition was filed after the election.

reviewing a matter where injunctive relief was sought, the Appellants' reliance on the above-quoted *obiter dicta* is misplaced, as it lacks precedential effect in this matter.

To recapitulate, it is impossible to divorce the events surrounding the filing of Ms. Kocher's Emergency Petition from our review of the same on the Appellants' exception of no cause of action because it is within the "four corners" of the Emergency Petition itself that the exigent circumstances of the then-upcoming election was pled. Additionally, given that "[e]very reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency," we deny the Appellants' exception. *Badeaux,* 05-0612, p. 7, 929 So. 2d at 1217 (citations omitted).

Lastly, we remand this matter to the district court for proceedings to commence on Ms. Kocher's request for the issuance of a permanent injunction under La. Rev. Stat. 18:1463 (D).

## DECREE

For the foregoing reasons, the February 10, 2020 judgment of the district court, denying the exception of no cause of action of Truth in Politics, Inc., and Causeway Connection PAC, is affirmed and we remand this matter to the district court for further proceedings consistent with this opinion.

**AFFIRMED AND REMANDED**

10