Judgment rendered September 4, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,749-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MIKE YOUNG AND CELINA               Plaintiffs-Appellants
VINCENT, INDIVUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

versus

HORSESHOE                               Defendant-Appellee
ENTERTAINMENT, LIMITED
PARTNERSHIP

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 170,298

Honorable Allen Parker Self, Jr., Judge

* * * * *

STERNBERG, NACCARI & WHITE,    Counsel for Appellants,
LLC                                 Mike Young and
By: Graham H. Williams          Celina Vincent

KEAN MILLER, LLP              Counsel for Appellee
By: Scott Louis Zimmer

* * * * *

Before PITMAN, STONE, COX, STEPHENS, and HUNTER, JJ.

**HUNTER, J.**

Plaintiffs, Mike Young and Celina Vincent, individually and on behalf of all other similarly situated individuals, appeal a trial court ruling in favor of defendant, Horseshoe Entertainment, Limited Partnership, sustaining an exception of no cause of action. For the following reasons, we reverse and remand to the district court for further proceedings.

**FACTS**

On several occasions in 2021 and 2022, Plaintiffs visited the Horseshoe Casino in Bossier City, Louisiana ("Horseshoe"). While at Horseshoe, Plaintiffs engaged in gaming by inserting cash into a slot machine and subsequently opted to cash out their remaining credits. At the conclusion of gaming, the slot machine issued a redemption ticket or "gaming voucher" reflecting the amount owed by Horseshoe to Plaintiffs.

After receipt of the gaming voucher, Plaintiffs customarily insert the voucher into another machine (the "kiosk machine") which would then dispense all funds accordingly. However, the casino instituted an alternative refund method which did not dispense coins in the exact change set forth on the gaming voucher. This deviation only paid out the paper currency and not the remaining change.

According to Horseshoe, this procedure was instituted in response to the national coin shortage caused by the COVID-19 pandemic. The traditional cashier "cage" remained operational, and coins were dispensed if patrons had the requisite knowledge and foresight to retrieve their funds. Horseshoe asserts patrons were able to take their vouchers to the cage and obtain the full amount of the voucher. If any patron elected to use the kiosk machine rather than the cashier, they would receive the paper currency from

2

the kiosk along with a ticket or receipt detailing (1) the monetary value of the gaming voucher, (2) the amount of money dispensed, and (3) the seemingly innocuous phrase: "Transaction Completed Successfully." The receipt did not provide specific instructions on how to redeem the full amount owed to patrons. No other signage or notice was provided to patrons.

Plaintiffs alleged Horseshoe's receipt failed to put an average player on reasonable notice the gaming voucher would be rounded down and the kiosk machine would simply keep a player's change. Plaintiffs further alleged Horseshoe, incrementally and by deviant design, effectively deprived them and thousands of Horseshoe patrons of millions of dollars through its misleading redemption process at the kiosk machine.

Plaintiffs filed their Class Action Petition for Damages on June 6, 2023, asserting claims of (1) breach of contract, (2) conversion, and, in the alternative, (3) unjust enrichment. Plaintiffs alleged Horseshoe entered into a binding obligation when players used Horseshoe's slot machines and Horseshoe breached the agreement when the kiosk machine failed to dispense the entirety of the funds owed without a method of redemption. The petition further alleged Horseshoe deprived Plaintiffs of their property and committed conversion by retaining Plaintiffs' funds through the kiosk machine. Finally, Plaintiffs' petition brings an alternative claim of unjust enrichment, alleging Horseshoe was enriched at Plaintiffs' expense because it unjustly retained their funds.

In June 2023, Horseshoe filed peremptory exceptions of prescription and no cause of action as to Plaintiffs' claims. In its exception, Horseshoe argued Plaintiffs failed to specifically allege any theory under which they sought recovery in their petition. Horseshoe also argued regardless of

whether Plaintiffs were seeking to assert a breach of contract claim, a tort action for conversion, or an unjust enrichment claim, they failed to set forth sufficient allegations in their petition to demonstrate the law affords them a remedy on any of those claims. Additionally, Horseshoe argued Plaintiffs' claim for conversion must be dismissed because the claim had prescribed.

A hearing was held on August 22, 2023, at which time the parties agreed any claims for conversion before June 6, 2022, would be prescribed. The trial court subsequently sustained Horseshoe's peremptory exception of no cause of action and dismissed Plaintiffs' claim against Horseshoe with prejudice.

Plaintiffs appeal.

## STANDARD OF REVIEW

The appellate court standard of review of a judgment sustaining an exception of no cause of action is *de novo. Fluid Disposal Specialties, Inc. v. UniFirst Corp.,* 53,014 (La. App. 2 Cir. 9/25/19), 316 So. 3d 1222, *aff'd on reh'g*, 53,014 (La. App. 2 Cir. 6/3/20), 316 So. 3d 1252. The peremptory exception of no cause of action is designed to test the legal sufficiency of a petition by determining whether a party is afforded a remedy in law based on the facts alleged in the pleading. *Id*. All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of the sufficiency of the petition so as to afford litigants their day in court. *Id*. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. *Id*. The sufficiency of a petition, subject to an exception of no cause of action is a question of law, and a *de novo* standard is applied to the review of legal questions; this court renders a judgment based on the record without deference to the legal conclusions of the lower courts.

An exception of no cause of action should be granted only when it appears beyond doubt the plaintiff can prove no set of facts in support of any claim which would entitle her to relief. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Badeaux v. Southwest Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211; *Sharp v. Melton*, 53,508 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1135; *Stonecipher v. Caddo Par.*, 51,148 (La. App. 2 Cir. 4/7/17), 219 So. 3d 1187, *writ denied*, 17-0972 (La. 10/9/17), 227 So. 3d 830.

No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.

## DISCUSSION

Herein, Plaintiff's petition alleged as follows: the trial court erred in determining the petition alleged no grounds forming the basis of a breach of contract claim. The well-settled elements of a breach of contract claim are (1) the obligor undertook an obligation to perform, (2) the obligor failed to perform the obligation, and (3) the failure to perform resulted in damages to the obligee. Plaintiffs argue the bilateral obligations at issue here—the contract—were confected when the players entered Horseshoe and used Horseshoe's slot machines. In doing so, the players agreed to the rules set out by the slot machine's algorithm in exchange for the ability to redeem funds.

5

Plaintiffs further contend the trial court erred in finding they did not allege a cause of action for conversion. However, a review of the record provides the parties agreed any claims for conversion predating June 6, 2022, are prescribed.

Lastly, Plaintiffs argue the trial court erred in finding no facts supported their claim of unjust enrichment. A person who has been enriched without cause at the expense of another person is bound to compensate the person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule. La. C.C. art. 2298. As a "subsidiary" remedy under the plain language of the statute, unjust enrichment is only applicable to fill a gap in the law where no express remedy is provided. *Hidden Grove, LLC v. Brauns*, 22-00757 (La. 1/27/23), 356 So. 3d 974; *Walters v. MedSouth Rec. Mgmt., LLC*, 10-0351 (La. 6/4/10), 38 So. 3d 245.

Before the enactment of Article 2298, which codified existing jurisprudence, this court set forth five requirements for proving unjust enrichment: "1) an enrichment on the part of the defendant; 2) an impoverishment on the part of the plaintiff; 3) a causal relationship between the enrichment and the impoverishment; 4) an absence of justification or cause for the enrichment or impoverishment; and 5) no other remedy at law." *Carriere v. Bank of Louisiana*, 95-3058 (La. 12/13/96), 702 So. 2d 648, 651 (Citations omitted.)

In the present case, Plaintiffs alleged they received a redemption ticket with the full amount on the voucher and the amount dispensed. The

petition asserts Plaintiffs were due change, which included dollars and coins, and Defendant returned the dollars via the kiosk. However, the coins were never returned to Plaintiffs, which, at a minimum, meets the requirements for unjust enrichment. With no discussion regarding the intent and effect of implementation on Plaintiffs' due process, the cy-pres doctrine, modification and approval of state gaming protocols during a pandemic, timelines for claims vis-à-vis ongoing pandemics, or reporting of miscellaneous funds to the state treasury, we find Plaintiffs' petition alleges facts sufficient to state a cause of action against Defendant. Consequently, we reverse the district court's ruling sustaining the exception of no cause of action.

## CONCLUSION

For the reasons set forth herein, the judgment of the district court sustaining the peremptory exception of no cause of action is hereby reversed, and this matter is remanded for further proceedings. Costs of the appeal are assessed to Defendant, Horseshoe Entertainment, Limited Partnership.

**REVERSED; REMANDED.**