Judgment rendered October 2, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,786-CA
No. 55,787-CA
No. 55,788-CA
No. 55,789-CA
No. 55,790-CA
No. 55,791-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 55,786-CA

NATIONAL COLLEGIATE STUDENT                    Appellant
LOAN TRUST 2006-1

versus

JAMES W. HUGGINS                               Appellees
LYNDA HUGGINS

* * * * *

*consolidated with*

* * * * *

No. 55,787-CA

NATIONAL COLLEGIATE STUDENT                    Appellant
LOAN TRUST 2006-3

versus

JAMES W. HUGGINS, JR.                          Appellees
AND LYNDA HUGGINS

* * * * *

*consolidated with*

* * * * *

No. 55,788-CA

NATIONAL COLLEGIATE STUDENT                    Appellant
LOAN TRUST 2007-4

versus

JAMES W. HUGGINS                               Appellees
LYNDA HUGGINS

\* \* \* \* \*

*consolidated with*

\* \* \* \* \*

No. 55,789-CA

NATIONAL COLLEGIATE STUDENT           Appellant
LOAN TRUST 2003-1

versus

JAMES W. HUGGINS                      Appellees
LYDIA HUGGINS

\* \* \* \* \*

*consolidated with*

\* \* \* \* \*

No. 55,790-CA

NATIONAL COLLEGIATE STUDENT           Appellant
LOAN TRUST 2004-2

versus

JAMES W. HUGGINS                      Appellees
LYNDA HUGGINS

\* \* \* \* \*

*consolidated with*

\* \* \* \* \*

No. 55,791-CA

NATIONAL COLLEGIATE STUDENT           Appellant
LOAN TRUST 2006-3

versus

JAMES W. HUGGINS                      Appellees
LYNDA HUGGINS

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court Nos. 2017-2038, 2017-2764,
2018-0381, 2018-0436, 2018-0437 and 2018-1002

Honorable Robert C. Johnson, Judge

\* \* \* \* \*

EATON GROUP ATTORNEYS, LLC          Counsel for Appellants
By:  Gregory McCarroll Eaton
     Michael L. Lancaster

SESSIONS, ISRAEL & SHARTLE, LLC
By:  Justin H. Homes

ALBERT WILLIAM BLOCK, JR.          Counsel for Appellees


* * * * *


Before PITMAN, STEPHENS, and HUNTER, JJ.

**PITMAN, C. J.**

Plaintiffs-Appellants National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-3 and National Collegiate Student Loan Trust 2007-4 (collectively, "National Collegiate") appeal the trial court's granting of exceptions of no cause of action and no right of action in favor of Defendants-Appellees James W. Huggins ("Huggins") and Lynda Huggins. For the following reasons, we reverse and remand for further proceedings.

## FACTS

From 2003 to 2007, Huggins took out student loans for his education.[1] In 2017 and 2018, National Collegiate filed six petitions in which it alleged that Huggins defaulted on the loans and is indebted to it for the principal of the loans, accrued interest, attorney fees and costs of the proceedings. These petitions were consolidated in 2019.

Huggins filed exceptions of no right of action and no cause of action. He stated that National Collegiate's petitions appeared to be suits to enforce a negotiable instrument or non-negotiable promissory note but were devoid of well-pleaded facts that set forth the essential elements of such an action. He noted that there were no exhibits or attachments to the petitions, including the original promissory notes. He also argued that the petitions contained no well-pleaded facts to establish that National Collegiate is the entity entitled to demand payment under the promissory notes.

---

[1] Lynda Huggins cosigned these loans. Prior to consolidation, she was dismissed as a party in the cases.

In the lead case, the trial court denied the exception of no cause of action and granted the exception of no right of action. It stated that National Collegiate had 30 days to amend its petition and establish a right of action against Huggins or the case would be dismissed with prejudice.

National Collegiate filed a supplemental and amending petition. It explained that Huggins requested a federally guaranteed non-negotiable credit agreement student loan from Bank One; the loan was funded; Huggins did not honor the repayment terms; Bank One requested reimbursement of the advanced funds; National Collegiate honored the request for reimbursement; and Bank One transferred ownership of the account to National Collegiate. It stated that the credit agreement, pooling and transfer of ownership documents and a detailed financial transaction report were all filed into the record.

Huggins filed an exception of no right of action to the supplemental and amending petition. He contended that National Collegiate did not include any exhibits, including the original promissory note sued upon. He argued that the right of action relies upon the contract between the parties, i.e., the promissory note, and that without the promissory note, National Collegiate has no right of action to enforce the note.

At a hearing on June 13, 2022, the trial court granted Huggins's exceptions of no right of action and gave National Collegiate 60 days within which to amend its pleadings to state a right of action. It noted that if National Collegiate failed to amend its petitions to state a right of action within that period, the court would dismiss the matters with prejudice. The trial court continued the exceptions of no cause of action until after the petitions had been amended.

2

On July 25, 2022, National Collegiate filed supplemental and amending petitions in all the consolidated cases. It alleged that Huggins entered into the student loan agreements issued through different banks, including Charter One Bank, JP Morgan Chase Bank and Bank One. It stated that these banks transferred, sold and assigned the notes to National Collegiate Funding, LLC, which then transferred, sold and assigned the notes to National Collegiate.[2] It alleged that Huggins defaulted on the notes and is indebted to it for the full principal together with accrued interest and costs of the proceedings. It attached to the petitions copies of the non-negotiable credit agreements, pool supplement statements, deposit and sale agreements between it and National Collegiate Funding, financial activity, loan details and payment summaries.

On August 4, 2022, the parties filed a stipulated judgment in which they agreed that the exception of no right of action was granted in the consolidated cases but that National Collegiate had 60 days to amend the petition to state a right of action, otherwise the petition would be dismissed.

On September 22, 2022, Huggins filed a response to the amended petition. He noted that absent from the amended petitions were the promissory notes or satisfactory proof of the sale, transfer or acquisition of the promissory notes. He argued that none of the petitions allege the facts necessary to establish a cause of action or right of action for enforcement of a promissory note held by a third party or for the recovery of the principal, interest or attorney fees based upon the promissory notes.

_____

[2] It stated that one loan was transferred, sold and assigned directly from Bank One to National Collegiate.

3

A hearing on the exceptions was held on September 26, 2022. The trial court took the matters under advisement.

On March 31, 2023, the trial court filed a ruling and order on the exceptions. It stated that National Collegiate offered no evidence of a prima facie case that would support a cause of action because it failed to submit the promissory note itself or proof of the promissory note. It noted that National Collegiate admitted that it did not have a promissory note and that there is no evidence that the original note was lost, destroyed or otherwise unavailable. The trial court stated that National Collegiate cannot claim that it has a cause of action when the basis of its suit, i.e., the promissory note, is absent from the record. It found that as there is no cause of action, there exists no right of action. Accordingly, the trial court granted the exceptions of no right of action and no cause of action.

On May 3, 2023, the trial court filed a judgment of dismissal with prejudice. It granted the exceptions of no right of action and no cause of action and dismissed with prejudice the consolidated cases.

National Collegiate appeals.

## DISCUSSION

### *No Cause of Action*

National Collegiate argues that the trial court erred when it sustained Huggins's peremptory exception of no cause of action. It contends that Huggins mischaracterized and the trial court misunderstood the petitions to be actions on negotiable instruments rather than breach of contract claims. It argues that the trial court incorrectly concluded that it should have offered extrinsic evidence. It explains that extrinsic evidence shall not be considered to support or controvert an exception of no cause of action; and,

4

thus, it was error for the trial court to require it to produce evidence of a note. It contends that the petitions contained the essential elements of a breach of contract claim and that the trial court was bound to accept each allegation in the petitions as true.

Huggins argues that the trial court correctly granted the exception of no cause of action. He contends that none of the petitions state a cause of action because they do not include the essential extrinsic evidence of the promissory notes sought to be enforced.

Three different modes of procedure are used in civil matters in the trial courts of this state: ordinary, summary and executory. La. C.C.P. art. 851. Ordinary proceedings are to be used in the district courts in all cases, except as otherwise provided by law. *Id.* Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment and in other cases allowed by law. La. C.C.P. art. 2631.

The record suggests that the trial court incorrectly considered these consolidated cases to be executory proceedings, which would have required National Collegiate to produce the negotiable papers at issue. *See* La. C.C.P. art. 2635. However, the trial court should have applied the following rules of procedure for ordinary proceedings in these breach of contract cases.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234 (La. 1993). No evidence may be introduced at any time to support or controvert the objection that the petition

5

fails to state a cause of action. La. C.C.P. art. 931. An exception of no cause of action is triable on the face of the petition; and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Indus. Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So. 2d 1207. It should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. *Id*. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Indus. Companies, Inc. v. Durbin*, *supra*.

In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a *de novo* review because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. *Indus. Companies, Inc. v. Durbin*, *supra*.

In order to prevail on a breach of contract claim, a plaintiff must prove by a preponderance of the evidence that (1) defendant owed them an obligation; (2) defendant failed to perform that obligation; and (3) defendant's failure resulted in damages to the plaintiff. *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592 (La. 12/8/15), 193 So. 3d 1110.

A *de novo* review of the record demonstrates that the petitions allege a cause of action for breach of contract. National Collegiate sufficiently pled

6

the existence of contracts between it and Huggins, that Huggins breached the contracts through nonpayment and that these breaches resulted in damages to National Collegiate. The trial court's insistence that National Collegiate produce a promissory note in order to establish a cause of action is misplaced.

Accordingly, this assignment of error has merit.

*No Right of Action*

National Collegiate argues that the trial court erred when it sustained Huggins's peremptory exception of no right of action on the erroneous ground that the amended petitions failed to state a cause of action. It contends that it is the proper party to bring the breach of contract claims, which is demonstrated in its exhibits that establish it purchased and acquired the obligations that are the subject of the petitions and own the student loan debts.

Huggins argues that the trial court correctly granted the exception of no right of action. He states that without a promissory note there is no cause of action and contends that no one has a right of action to enforce a nonexistent cause of action.

An action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. *Indus. Companies, Inc. v. Durbin*, *supra*. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Id*. The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the

7

plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. *Id.*

An exception of no right of action presents questions of law requiring a *de novo* review by the appellate court. *Campbell v. Nexion Health at Claiborne, Inc.*, 49,150 (La. App. 2 Cir. 10/1/14), 149 So. 3d 436.

A *de novo* review of the record demonstrates that National Collegiate clearly has a right of action in these consolidated matters. As a party to the contracts, it has real and actual interests in these breach of contract claims. Further, as discussed above, National Collegiate belongs to the class to whom the law grants the cause of action asserted in its petitions.

Accordingly, this assignment of error has merit.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's granting of exceptions of no cause of action and no right of action and remand the matter for further proceedings. Costs of this appeal are assessed to Defendant-Appellee James W. Huggins.

**REVERSED AND REMANDED.**